THE PEOPLE EX REL. MAGGIE LYON v. THE CIRCUIT JUDGE
FOR INGHAM COUNTY.

*Supreme Court—Judgment on Equal Division is Conclusive.*

An affirmance of judgment by an equal division of the final tribunal is as conclusive as any other judgment.

When a case is remanded after judgment to the trial court without directions, the latter can exercise such powers in respect to the execution of judgment as it would have if judgment had been entered by itself; and it has no further discretion.

MANDAMUS to set aside an order for farther hearing. The facts are in the opinion.     Submitted October 16. Decided October 17.

*D. Johnson* for the writ.

*John C. Shields* against.

COOLEY, C. J.   In the case of the relator against Jerome
B. Waldo, in the circuit court for the county of Ingham in
chancery, the complainant obtained a decree of foreclosure,
which, on appeal to this court, was affirmed on an equal
division of the court.  The cause having then been remanded
for an execution of the decree, but without instructions, the
circuit judge, on application of defendant, considered him-
self at liberty to open the decree for further hearing on the
merits.   A mandamus is now applied for, to require him to
set aside his order.   In response to the application counsel
take two positions:  *First*, that the original decree was wrong
under the pleadings; and, *second*, that the decree having
been affirmed not by a concurrence of opinion on the part
of the justices of this court, or of a majority thereof, but
from the necessity of the case on an equal division, and
having been remanded without directions, the case stood
afterwards in the circuit court as it would have stood if the
case had never been appealed, and the circuit judge was at
liberty to exercise his discretion in such manner as he might
deem conducive to justice.

The first position, in our opinion, is necessarily depend-
ent on the second.   If in fact the previous action of this
court is conclusive, no consideration regarding the merits of
the case is any longer open.   And we are of the opinion that
it is conclusive for reasons which will be very briefly stated.

The policy of the law is that when a case has once been
considered and disposed of by the courts before which it
may lawfully be brought, it is disposed of for all time, and
the conclusion cannot be attacked in any new proceeding
except upon certain equitable grounds which are foreign to
the present discussion.   The court rendering the conclusive
judgment may have a discretionary authority to review and
revise its own action, but if that court shall have taken the
case on appeal, and shall have remanded it after judgment,
the court below can have no similar authority, because if it
could, and should exercise it, it would really be reviewing
and revising the action of its superior; which would be ab-
surd.    All the discretion which the inferior court can have
must concern the execution of the judgment or decree which
has been sent down to it; if no directions have been given

as to these, it would have the ordinary powers in respect to it, as it would have had if it had been entered by itself.

The question here is whether the case is any different when the judgment of the appellate court is one entered of necessity, and not by a concurrence of opinion.   We think not.   The same reasons of public policy, in favor of the conclusiveness of the judgment, apply to such cases as to others: the case has been heard and determined, and the public interest and the interest of the parties alike demands that there shall be an end of litigation.   Moreover, if there is no end now, when can there be?   If one judge may reverse his action after the case has thus been here, it may come up again on appeal from his second conclusion, and if it should then go back in the same way, by reason of each of the justices adhering to his former opinion, the successor of the circuit judge, holding different views from those last prevailing, might re-open the case and start it upon its rounds anew.   This seems very absurd, but it is quite possible under the views expressed in favor of the action below.

But we think the conclusiveness of the judgment is not affected by the circumstance that the judgment was entered here on an equal division of the court.   That was the conclusion of the Supreme Court of the United States in *Durant v. Essex Company,* 7 Wall., 107, where the subject was carefully considered.   The statute provides that the judgment or decree under review shall in that event be affirmed (Comp. L., § 4923); but the judgment of affirmance is the judgment of the court, and when the case goes back, no one is legally concerned with the reasons that led to the judgment.   It is the judgment of the court of last resort, and no other tribunal can question it.   In the case similarly circumstanced of *People ex rel. The Attorney General v. Mayor, etc., of New York,* 25 Wend., 252, the court for the correction of errors of New York, following an opinion of the chancellor, refused to re-open its own judgment for further hearing and pronounced it final and conclusive.

The mandamus must issue as prayed.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit.