AUGUST C. RONEHEL AND HILDA E. RONEHEL

v.

ANDREW LOFQUIST.

*Negotiable Instruments—Promissory Note—Set-off.*

In an action upon a promissory note this court holds, that the facts set up in defendants' special plea constituted a valid set-off; that plaintiff's demurrer thereto should have been overruled, not sustained; that defendants should have been allowed to prove the truth of the plea if they could, and that the judgment for the plaintiff can not stand.

[Opinion filed December 8, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding.

Mr. GILBERT G. OGDEN, for appellants.

Mr. EDWARD MAHER, for appellee.

MR. JUSTICE SHEPARD. Appellee, as assignee of the note sued upon, brought suit against appellants as makers of a promissory note, of which the following is a copy:

" $800.                        GALENA, March 9, 1891.

One year after date we promise to pay to the order of Amanda Lofquist, eight hundred dollars, at 7036 Honore St., Englewood, Ill. Value rec'd, with interest at 6 per cent per annum.

Endorsed: AMANDA LOFQUIST.

AUGUST C. RONEHEL,
HILDA E. RONEHEL."

Appellants pleaded specially that the note was made and delivered to Amanda Lofquist by August C. Ronehel as principal debtor, and by Hilda E. Ronehel as surety for August, whereof the plaintiff had notice; that the note was assigned to the plaintiff by Amanda, after it became due, and that before and at the time of the commencement of

the suit Amanda was and still is indebted to August for goods sold, etc., in the sum of $1,100, which indebtedness appellants offered to set off.

Plaintiff's demurrer to the special plea was sustained. Appellants electing to stand by the plea, trial followed, with verdict and judgment for the plaintiff. This is an appeal from that judgment.

The demurrer should have been overruled. The facts set up in the special plea constituted a valid set-off, and the defendants should have been allowed to prove the truth of the plea if they could. Rev. Stat. Ill., Chap. 98, Sec. 12; 1 Brandt on Suretyship, Secs. 29 and 30; Graff v. Kahn, 18 Ill. App. 485; Third Swedish Church v. Witherell, 43 Ill. App. 414; Himrod v. Baugh, 85 Ill. 435.

The judgment of the Superior Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*