### GARWOOD v. BURTON.

1. BILLS AND NOTES—DATE—SUNDAY—GOOD-FAITH PURCHASER.
   Note bearing secular date, even if signed on Sunday, is valid in hands of good-faith purchaser for value before maturity.

2. SAME—WANT OF CONSIDERATION—DEFENSE—ESTOPPEL.
   Want of consideration is no defense to maker of promissory note in hands of good-faith purchaser in due course, and makers who gave note as consideration for negotiating padded land contract are estopped from setting up such defense.

3. SAME—CONSIDERATION.
   Note given by vendors in land contract with fictitious sale price and down payment to purchasers as their commission for sale of property to their assignee and by them transferred to assignee as restitution for wrong committed against him by false recitals *held*, valuable consideration as between purchasers and assignee.

4. ALTERATION OF INSTRUMENTS—BILLS AND NOTES—NEGOTIABILITY.
   Addition of words ''due on farm deal'' to note after signature
   by makers, even if proved, *held,* no defense to good-faith
   purchaser for value before maturity, where said statement
   was true and did not affect its negotiability.

5. VENDOR AND PURCHASER—CHANCERY FORECLOSURE—SET-OFF AND
   RECOUPMENT.
   On foreclosure of land contract in equity, assignee of vendees,
   who assumed payment of contract, may apply note given by
   vendors to purchasers assigned to assignee as restitution for
   wrong done him due to false statements intentionally made
   in contract, even though note was not yet due.

Appeal from Livingston; Collins (Joseph H.), J. Submitted October 19, 1933. (Docket No. 144, Calendar No. 37,489.) Decided December 19, 1933.

Bill by Thomas S. Garwood and wife against Charles W. Burton and others to foreclose a land contract. Cross-bill by defendant Burton to establish a set-off. From decree for alleged insufficient amount, plaintiffs appeal. Affirmed.

*Carl H. Stuhrberg (Francis W. Schilling,* of counsel), for plaintiffs.

*C. Upton Shreve* and *Shields & Smith (John G. Libbers,* of counsel), for defendant Burton.

WIEST, J. This is a bill to foreclose a land contract executed by plaintiffs as vendors and defendants Leith, as vendees, and assigned by the vendees to defendant Burton, who assumed and agreed with the vendors and the vendees to make payment thereof. A previous land contract, under which defendants Leith were vendees, at a price of $10,500, was abrogated by mutual agreement because the vendees were unable to make performance, and

therefore, in order to enable Mr. Leith to sell the property on a commission basis, the contract in suit was executed, fixing the purchase price at the inflated sum of $17,100, and reciting that $3,000 had been paid thereon by the Leiths. The purchase price and the recited sum paid were pure fiction, planned and intended to entrap an assignee of the vendees. Defendant Burton was caught and tied by assumption of the contract obligation. Mr. Burton made a payment on the contract, and this was split between plaintiffs and defendants Leith. Mr. Burton learned that the Leiths had not paid $3,000 on the contract and took Mr. Leith to task. Mr. Leith confessed and turned over to Mr. Burton a note given him in the deal by plaintiffs and upon which there was $3,000 to become due. Mr. Burton asked the court to set off against the amount due on the contract the amount of plaintiffs' note, and the court so decreed. Plaintiffs review by appeal and claim the note was signed on Sunday; was without consideration; had words added after they signed it and that defendant Burton was not a purchaser in good faith and in due course.

The note bears a secular date and, even if signed on Sunday, is valid in the hands of Mr. Burton if he acquired the same in good faith before maturity and for a valuable consideration. *Vinton* v. *Peck*, 14 Mich. 287. The consideration for the note between plaintiffs and defendants Leith was Mr. Leith's services in acting as plaintiffs' agent in negotiating the padded land contract. Plaintiffs are in no position to aver want of consideration but, if they were, it would not avail against defendant Burton as a purchaser in good faith and in due course. The note was for $4,500 and reduced to $3,000 by payments thereon by way of money re-

alized out of the deal, engineered by Mr. Leith. Consideration for passing the note from defendants Leith to defendant Burton was in the nature of restitution for the wrong accomplished by the false statement in the land contract, that $3,000 had been paid thereon by defendants Leith. Under the circumstances we hold there was a valuable consideration between the payees of the note and Mr. Burton, the purchaser.

The claim that, after signature of the note by plaintiffs, there was added the words "due on farm deal" is not established by the proofs. If this were established it would not defeat the note in the hands of Mr. Burton for the statement was true and in no wise affected the negotiability of the note.

At the time of the hearing in the circuit the note was not yet due and the point is made that, until due, it may not be applied upon the land contract. This might be applicable in an action at law but plaintiffs invoked the aid of the court of equity in enforcement of the land contract and must abide the holding, based on equity and good conscience.

We find no reason for disturbing the decree in the circuit and it is affirmed, with costs to defendant Burton.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.