FRIES *v.* WONNACOTT.

1. EQUITY—AMENDMENT OF DECREE—BILL OF REVIEW.
   A bill which asks for an amendment of a decree already rendered is a bill of review which is one brought to have a court decree reviewed, altered or reversed.

2. SAME—BILL OF REVIEW—REHEARING.
   The remedy by bill of review has been abolished and superseded by motion for rehearing (Court Rule No. 48, § 4 [1933]).

3. SAME—REHEARING SUA SPONTE—PROPER SHOWING.
   Purchasers under a land contract who failed to pay balance of amount due before issuance of writ of assistance after forfeiture and made no motion for rehearing within four months of decree *held*, not entitled to a rehearing on their own motion, although trial court might grant a rehearing *sua sponte* after four months upon a showing that they were about to lose homestead by a very harsh forfeiture and without judicial sale, that no rights of third parties have intervened, there is no question of public policy and that claim will be paid in full (Court Rule No. 48, §§ 1, 6 [1933]).

4. SAME—ENROLLMENT OF DECREE—REHEARING SUA SPONTE.
   The enrollment of a decree in equity does not prevent the court from granting a rehearing *sua sponte* upon proper showing being made (Court Rule No. 48, §§ 1, 6 [1933]).

Appeal from Genesee; Parker (James S.), J. Submitted October 9, 1934. (Docket No. 120, Calendar No. 38,083.) Decided January 7, 1935.

Bill by Henry Fries and wife against Jess Wonnacott and wife to hold for naught a writ of assistance issued, to fix method of payment of money under former order of the court and for an injunction. Decree for plaintiffs. Defendants appeal. Reversed and bill ordered dismissed.

*Neithercut & Neithercut,* for defendants.

BUTZEL, J. In order to secure lumber, etc., for building a home on two lots in Flint, Michigan, being purchased on land contract by Henry Fries and Anna Fries, his wife, the latter assigned their vendees' interest in the contract to a lumber company which also paid up the balance due on the contract, secured a deed and then gave a new contract to Fries and wife. In 1930, Jess Wonnacott and Hattie Wonnacott, his wife, traded a farm with Fries and wife for their equity in the contract, but in 1931 in the first suit begun between the parties, Fries and wife secured a decree setting aside the exchange and restoring to them their vendees' interest in the contract for the Flint home.

During the pendency of the first suit, the Wonnacotts, in order to prevent foreclosure, were forced to pay $268, the balance due on the contract that had been assigned to them, but in so doing they failed to obtain a deed from the lumber company which held the vendor's interest. Thereafter the Wonnacotts brought an action, referred to as the second suit, against the lumber company, Fries and wife, and on April 10, 1933, a decree was entered in the circuit court for the county of Genesee, in chancery, ordering the lumber company to execute a deed to the Wonnacotts; otherwise the decree to stand in lieu of a deed. It was also found that there was a balance of $231, together with $15 costs still due the Wonna-

cotts from Fries and wife, who were ordered to pay this amount within 60 days from April 10, 1933, the date of the decree; otherwise their interest in the contract be forfeited and that thereupon Wonnacott and wife be entitled to a writ of assistance.

Although the time to make payment was extended beyond May 9, 1933, the decree was not amended nor, as far as the record shows, was there any formal order extending the time. The trial judge stated that he did grant some extensions, but on October 13, 1933, he signed an order directing the issuance of a writ of assistance. The writ was duly issued.

On October 19, 1933, six days after the issuance of the writ, the instant suit, referred to as the third suit, was begun, this time by Fries and wife against the Wonnacotts. In the bill of complaint plaintiffs set forth the history of the foregoing litigation and allege that a few days after the issuance of the writ of assistance defendants' attorney was contacted by agents of the Home Owners Loan Corporation and requested to grant a short extension of time within which plaintiffs might consummate a loan which had been granted; that on October 18, 1933, a check for the full amount was offered to attorney for defendants, who refused to accept it, stating that his clients wanted the property and not the money; that the value of the property is much in excess of the amount due and that plaintiffs are ready and willing to do equity, pay defendants or their attorney the full amount of the decree in cash forthwith, and abide by and perform all orders of the court. The court issued a temporary injunction restraining the execution of the writ of assistance. On January 22, 1934, plaintiffs deposited the full amount found due in the second suit, together with interest and $75 for

costs, with the county clerk for the benefit of defendants. At the hearing it was shown that the delay of Fries was due to no fault of his own but through lack of employment; that he is the father of four small children; that the home is worth far more than the amount due defendants, and that it would be unjust and inequitable for plaintiffs to lose their home under the circumstances. Defendants did not deny that the time was extended beyond the 60 days, but they claim that their rights became absolute upon the issuance of the writ of assistance, that there is a large amount due for taxes, and that a lien for a large amount has been filed against the property for fees alleged to be due to other attorneys from the plaintiffs. Their chief defense, however, is that the bill of complaint constitutes a bill of review, a form of action that has been abolished by Court Rule No. 48 (1933), and that if plaintiffs have any remedy whatsoever, it must be by motion for rehearing in the second case. The trial court held that it was only fair and equitable to grant plaintiffs' petition and entered a decree accordingly. He also stated that the order and decree would apply to the second case and that all the cases were to be treated as ancillary to one another. We shall consider only the decree and record in the third case, which is the only case before us.

The bill of complaint is one of review. It does not seek ancillary relief but asks for an amendment of the decree in the second case. In *Dodge* v. *Northrop,* 85 Mich. 243, the following definition from Bouvier's Law Dictionary was approved:

"A bill of review is one brought to have a decree of a court reviewed, altered or reversed."

Under Court Rule No. 48, § 4 (1933), the remedy by bill of review was abolished and superseded by

motion for rehearing. Plaintiffs are not entitled to rehearing on their own motion, as such motion was not made within four months from the entry of the decree. The trial court, however, may grant a rehearing *sua sponte* after the four months have elapsed upon a showing that plaintiffs are about to lose their rights in their homestead by forfeiture and without judicial sale, that no rights of third parties have intervened, that there is no question of public policy, that provision has been made to pay defendants the entire amount due them, together with interest and costs, and that the denial of relief under the circumstances would result in such a harsh forfeiture as to severely shock the conscience of the court. In *Hughes* v. *Wayne Circuit Judge,* 239 Mich. 110, we held that although the right of the party to move for a rehearing was lost after the prescribed period had expired, this did not mean that the court no longer had power over its own decrees, and the court might order a rehearing *sua sponte.* Court Rule No. 48, § 6 (1933), provides that the enrollment of the decree shall not affect the right of the party to ask for a rehearing under Court Rule No. 48, § 1 (1933). We believe further that the enrollment of the decree does not prevent the court from granting a rehearing *sua sponte* upon proper showing being made. The decree in the instant case is reversed with costs to defendants and the bill of complaint is dismissed, but without prejudice to the right of the court to grant a rehearing *sua sponte* in the second case and on proper showing to enter such order as may appear equitable.

Potter, C. J., and Nelson Sharpe, North, Fead, Wiest, Bushnell, and Edward M. Sharpe, JJ., concurred.