GARWOOD *v.* BURTON.

1. VENDOR AND PURCHASER—FORECLOSURE SALE—JURISDICTION OF
   CIRCUIT COURT UPON REMAND FROM SUPREME COURT.

   Land contract foreclosure sale which was provided for in decree
   of circuit court that was ''in all things affirmed'' by decree of
   Supreme Court *held,* a ''further proceeding'' necessary in or-
   der to carry the decree into effect under statute concerning
   remand of case from Supreme Court, hence circuit court had
   jurisdiction to supervise such sale and set it aside (3 Comp.
   Laws 1929, § 15516).

2. APPEAL AND ERROR—REMAND FROM APPELLATE COURT—DISCRETION
   OF TRIAL COURT—EXECUTION.

   Upon remand of a case from an appellate court, a trial court
   can have only such discretion as concerns execution of judg-
   ment or decree sent down to it and in absence of directions
   by appellate court, trial court would have the ordinary powers
   as to such enforcement as it would have had if decree had
   been entered by trial court itself (3 Comp. Laws 1929, § 15516).

3. VENDOR AND PURCHASER—DECREE OF FORECLOSURE—APPEAL BY
   PLAINTIFF—ABATEMENT OF REDEMPTION.

   In vendors' suit to foreclose a land contract where decree gave
   purchasers' assignee 60 days from filing thereof in which to
   redeem and plaintiffs appealed from decree, all proceedings
   and rights, including that of redemption, abated.

4. SAME—RIGHT OF REDEMPTION—REMAND FROM SUPREME COURT.

   After decree of circuit court, in which purchaser's assignee had
   been granted 60 days from filing thereof to redeem from fore-
   closure, had been ''in all things affirmed'' by Supreme Court,
   right of redemption remained in such assignee and period be-
   gan to run from date of filing of decree of Supreme Court in
   the circuit court.

5. SAME—REMAND FROM SUPREME COURT—PREMATURE FORECLOSURE
   SALE—VACATION—EQUITY.

   Sale under decree of foreclosure, granting purchasers' assignee
   60 days in which to redeem, which was held 59 days after
   decree of Supreme Court, ''in all things'' affirming decree of

circuit court, was filed in circuit court *held*, premature and vacation thereof by circuit court equitable, where assignee had paid upwards of $20,000 on the contract, including principal and interest, and balance due was but $1,131.75 plus interest.

6. APPEAL AND ERROR—DECREE OF FORECLOSURE—SUA SPONTE MODIFICATION.

Supreme Court, on appeal from order vacating premature sale under circuit court's decree of foreclosure which had been "in all things affirmed" by Supreme Court, in order to avoid further delay and confusion, *sua sponte*, orders circuit court to extend period of redemption 30 days from date of filing opinion herein and permits sale thereafter in accordance with decree previously entered.

Appeal from Livingston; Collins (Joseph H.), J. Submitted October 16, 1935. (Docket No. 90, Calendar No. 38,358.) Decided January 6, 1936.

Bill by Thomas Garwood and wife against Charles W. Burton and others to foreclose a land contract. From order setting aside sale by circuit court commissioner, plaintiffs appeal. Affirmed.

*Carl H. Stuhrberg,* for plaintiffs.

*Shields & Smith* and *C. Upton Shreve,* for defendant Burton.

TOY, J. On April 14, 1932, the court below made a decree of foreclosure of a land contract in the above entitled cause; determined the amount due plaintiffs (vendors) from defendant Burton (assignee of the vendees); and required of such defendant that he pay such amount with a designated rate of interest to plaintiffs, "on or before 60 days from the date of the filing of this decree, and in default of said payment of said amount on or before said date" the premises were to be sold at public auction under the direction of a circuit court commissioner.

Plaintiffs appealed therefrom, and this court, in its opinion, filed December 19, 1933, affirmed such decree. *Garwood* v. *Burton,* 265 Mich. 408. The decree of this court was filed in the circuit court on December 29, 1933, following such opinion, in which it was stated, among other things, that the decree of the lower court was "in all things affirmed." Plaintiffs proceeded immediately thereafter to advertise the sale of such premises, and the commissioner's sale was held on February 26, 1934, or 59 days after the filing of the decree of this court in the court below. Plaintiffs purchased the property at such sale for the sum of $1,309.50, and on March 10, 1934, recorded the commissioner's deed therefor. On June 7, 1934, defendant Burton filed a petition in this cause in the court below, seeking to have the sale and deed declared "null and void." After a hearing thereon, the circuit court, on July 25, 1934, entered an order setting aside, vacating and declaring null and void such commissioner's sale and deed. Plaintiffs appeal therefrom.

Plaintiffs here contend that the petition of defendant Burton to have the commissioner's sale and deed declared null and void was in effect a petition for a rehearing and that by virtue of Court Rule No. 48 (1933) the court below was powerless and without jurisdiction to hear or grant such petition.

Section 15516, 3 Comp. Laws 1929, provides:

"When an appeal shall have been so heard and determined, the records and files sent from the circuit courts in chancery, together with the proceedings and decree or order of the Supreme Court therein, and all things concerning the same shall be remitted to the circuit court in chancery, for the proper county, when such further proceedings shall be thereupon had as may be necessary to carry such decree or order into effect."

The decree affirmed by this court was a decree of foreclosure of a land contract. Further proceedings were necessary by its very terms in order to carry such decree into effect. The decree provided for a commissioner's sale. This was a "further proceeding" necessary in order to carry the decree into effect, and by virtue of the above statute the circuit court had jurisdiction to supervise such sale.

In *People, ex rel. Lyon,* v. *Ingham Circuit Judge,* 37 Mich. 377, this court in discussing this very question said:

"All the discretion which the inferior court can have *must concern the execution* of the judgment or decree which has been sent down to it; if no directions have been given (by the appellate court) as to these it would have the ordinary powers in respect to it, as it would have had if it had been entered by itself."

In *Thompson* v. *Hurson,* 206 Mich. 139, this court, after quoting with approval from *People, ex rel. Lyon,* v. *Ingham Circuit Judge, supra,* said:

"An accounting had been decreed and property was to be sold under the direction of the circuit court. With reference to these matters the circuit court was authorized to proceed."

The circuit court did not attempt to disturb or amend the decree of this court. It entered its order setting aside the commissioner's sale and canceling his deed. This it had authority to do.

Do the facts and circumstances, as shown by the record, equitably warrant the entry of an order setting aside, vacating and declaring null and void the circuit court commissioner's sale and deed?

Defendant Burton had paid upwards of $20,000 on the land contract, including principal and inter-

est, and the court found a balance due to plaintiffs of $1,131.75, plus interest.

The decree of the lower court, filed April 14, 1932, gave to defendant Burton 60 days from that date within which to redeem. *Plaintiffs,* however, appealed therefrom. This court found no reason for disturbing the decree and affirmed it. *Garwood* v. *Burton, supra.* The language used in the affirming decree of this court was, that the decree of the circuit court, in chancery, "be and the same is hereby in all things affirmed."

Did this court by such language limit defendant's right of redemption to 60 days from April 14, 1932, the date of the filing of the decree in the circuit court? We think not. By such a literal construction, the right of redemption given defendant would, upon appeal by *plaintiffs,* become an idle thing. When the appeal was taken, all proceedings and rights . thereunder abated, including defendant's right to the period of redemption. This court, in its affirming decree, did not take that right from him, therefore it remained. It seems to us that a logical and reasonable construction of the provision in the decree (after affirmance) relative to the date when the period of redemption should begin to run, would be that of 60 days from the date of the filing of the decree of this court in the circuit court, which was December 29, 1933. However, neither party adopted this construction. Defendant Burton contends that because of the appeal by plaintiffs it became plaintiffs' duty to have the decree amended, so that a new time be inserted therein from which the period of redemption would run; while plaintiffs evidently adopted the construction that the period of redemption had already run, because they started sale proceedings immediately after the filing of the

decree of this court in the court below, and sold the premises 59 days thereafter. By reason of this confusion, neither party has been able to assert their rights under the decree. When such confusion or uncertainty exists it becomes the duty of either party to timely apply to this court to amend the language of the decree.

In view of the premature sale of the premises, the commissioner's sale was void, as was the deed issued by virtue thereof. The order of the circuit court in setting aside, vacating and declaring null and void the circuit court commissioner's sale and all proceedings thereunder, and in canceling the said deed is affirmed, with costs to defendant Burton.

The learned circuit judge suggested to the parties that application should be made to this court to amend its decree, in order to provide for a period of redemption. This has not been done. In order to prevent further delay and so that this litigation may early be terminated, we deem it proper, *sua sponte*, to enter our order, instructing the circuit court for the county of Livingston, in chancery, to amend the decree extending the time of redemption for 30 days from the date of the filing of this opinion, after which, sale may be had as provided for in the decree heretofore entered. *Hughes* v. *Wayne Circuit Judge*, 239 Mich. 110; *Mortgage & Contract Co.* v. *Kupalian*, 249 Mich. 577; *Fries* v. *Wonnacott*, 270 Mich. 86.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred.