**UNITED STATES v. O'HARA et ux.**

No. 2319.

District Court, E. D. Michigan, S. D.
Sept. 19, 1942.

John C. Lehr, Kenneth D. Wilkins, and Constantine T. Dinu, all of Detroit, Mich., for plaintiff.

Harry J. Merritt, of Royal Oak, Mich., for defendants.

LEDERLE, District Judge.

1. The United States Government, as owner and holder of a negotiable promissory note, instituted this action thereon against the makers, John P. O'Hara and Netina O'Hara, residents of this District.

2. The note in suit is joint·and several in form, bears date of May 13, 1938, and by its terms is payable in stated monthly installments over a period of thirty-six months, to the order of Maxwell Construction Company. The execution and delivery of the note were admitted, although defendants testified that this occurred on Sunday, May 8, 1938, rather than on Friday, May 13, 1938. The note bears the endorsements of the payee, Maxwell Construction Company, and the intermediate holder, Industrial Morris Plan Bank of Detroit.

3. At the time of the execution and delivery of the note the defendants were, and are now, husband and wife.

4. The consideration for the note was an eleven hundred dollar contract for renovation and modernization work at defendants' home to be performed by the Maxwell Construction Company. Defendants proferred testimony to the effect that Maxwell Construction Company abandoned the work during the course of the contract, did not complete the services nor furnish all the material covered by the contract, completing only about half the contract, and that defendants had to complete the work independently. During the course of this litigation and at the date of the trial defendants tendered what appeared to be the price of the work actually performed by Maxwell Construction Company, which tender plaintiff consistently refused. No proffer of proof was made to contradict defendants' claims regarding nonperformance of the contract and the amount defendants paid to secure completion of the work.

5. The note is complete and regular on its face. In this condition the Industrial Morris Plan Bank of Detroit purchased it over the counter for cash on May 13, 1938, before it was either overdue or dishonored. This bank took the note in good faith and for value, without notice of any infirmity in it or any defect in the title of the person negotiating it, and without notice or knowledge of any facts regarding breach or contemplated breach of the modernization contract which would put a purchaser upon inquiry. There is no question nor evidence of any bad faith on the part of any officer, agent or employee of said bank.

6. This note was insured by the Federal Housing Administration under the provisions of 12 U.S.C.A. § 1703. Shortly after negotiation to said bank the defendants disclaimed liability on the note because of nonperformance of the modernization contract. Upon notice of such default, the total amount due on the note was paid to said bank by the Government as an insured loss, and the note was negotiated to the Government, in accordance with the terms of the National Housing Act on or about July 22, 1938. On that date the first installment specified in said note had not been paid.

7. The amount due and owing according to the terms of said note is $1,221.40 which includes principal and interest to this date.

Conclusions of Law.

1. This is a civil suit brought by the United States Government against residents of this District over which this court has jurisdiction. 28 U.S.C.A. § 41(1); United States v. Hansett, 2 Cir., 1941, 120 F.2d 121.

2. The Morris Plan Bank of Detroit was a holder in due course of the note in suit. 1929 Compiled Laws of Michigan § 9301, M.S.A. 19.94, et seq.; Miller v. Ottaway, 1890, 81 Mich. 196, 45 N.W. 665, 8 L.R.A. 428, 21 Am.St.Rep. 513; United States v. Hansett, supra.

3. Sunday contracts are void in Michigan; however, if a negotiable instrument, in fact executed on Sunday, but bearing a secular date, reaches the hands of a holder in due course, the maker of such note is estopped to repudiate the apparent date, and the note is a valid and enforceable obligation to the same extent as if it had been executed on a secular date. 1929 Compiled Laws of Michigan § 9078, M.S.A. 18.851; Garwood v. Burton, 1933, 265 Mich. 408, 251 N.W. 564.

4. Where a holder of a negotiable instrument, not a party to any fraud or illegality affecting the instrument, derives title through a holder in due course, as did plaintiff here, such holder has all the rights of such former holder in due course in respect to all parties. 1929 Compiled Laws of Michigan § 9307, M.S.A. 19.100; Kost v. Bender, 1872, 25 Mich. 515; Shaw v. Clark, 1882, 49 Mich. 384, 13 N.W. 786, 43 Am. Rep. 474. See note following Kotzman v. Condit, 1934, 169 Okl. 422, 37 P.2d 412, 98 A.L.R. 290.

5. A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against any party liable thereon, and plaintiff, by virtue of taking from a holder in due course, has like rights against the defendants herein. 1929 Compiled Laws of Michigan § 9306, M.S.A. 19.99.

6. In cases where the sole and separate estate of a married woman is not benefited, the common law disability of coverture has been relaxed in Michigan to the extent of permitting a married woman to become jointly liable with her husband upon a written instrument, such liability extending only to joint and entirety property, enforceable under a judgment reciting that such parties were husband and wife at the time of their execution and delivery of such instrument, which recital of fact for the guidance of a levying officer must be endorsed upon any process issued thereon. 1929 Compiled Laws of Michigan § 13062, M.S.A. 26.181, et seq.

7. Accordingly, judgment shall be entered herein in favor of plaintiff and against defendants, John P. O'Hara and Netina O'Hara, husband and wife, jointly, and against John P. O'Hara individually, for the sum of $1,221.40, together with plaintiff's costs to be taxed, for which execution may issue, such liability not to extend to the sole and separate estate of defendant Netina O'Hara, but in accordance with the provisions of Sections 13062–13066, Compiled Laws of Michigan for 1929, such judgment to contain a recital that defendants were husband and wife at the time of the execution and delivery of the written instrument which is the subject matter of this litigation.