GOODMAN *v.* GOODMAN.

1. Equity—Bill of Review.
   A bill of review is one brought to have a decree of a court reviewed, altered or reversed.

2. Same—Bill of Review—Motion for Rehearing.
   By court rule the remedy by bill of review has been abolished and superseded by motion for rehearing.

3. Divorce—Petition to Modify—New Bill of Complaint—Res Judicata.
   Wife's bill of complaint seeking to have previous decree of divorce vacated and a new decree entered granting her an absolute divorce, custody of the minor children, alimony and a division of all of the property of the parties, including an accounting and share in property valued at between $8,000 and $10,000 alleged to have been fraudulently concealed at time of entry of decree, was properly dismissed where instant bill was based upon same fraud as petition to modify decree of divorce but not filed until some 14 months after petition was dismissed (Court Rule No. 48, §§ 1, 4 [1945]).

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted January 16, 1947. (Docket No. 90, Calendar No. 43,416.) Decided May 16, 1947.

Bill by Rebecca Goodman against Henry J. Goodman to set aside a decree of divorce, for an accounting, for property settlement and other relief. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Meyer Weisenfeld,* for plaintiff.

*Gould & Colman (David Colman,* of counsel), for defendant.

BUTZEL, J.  Plaintiff obtained a decree of divorce from defendant on January 21, 1942, in the circuit court for the county of Wayne.  The decree provided for a property settlement.  In October of the same year, plaintiff sought a modification of the decree alleging that defendant fraudulently concealed from plaintiff certain property owned by him prior to and at the time of the divorce.  The matter was referred to the friend of the court who recommended the granting of a motion to dismiss made by defendant.  Plaintiff filed objections to the recommendation.  After a hearing, plaintiff's petition to modify was dismissed without prejudice on April 13, 1943.  She neither appealed from the order of dismissal nor did she take any further action until June 23, 1944, when she filed the bill in the instant case.  She alleged that the property settlement of January 13, 1942, had been entered into as a result of defendant's fraud in concealing from her and the court his possession of a deed to certain described premises dated May 10, 1938.  She claims that the deed was delivered to defendant prior to the entry of the divorce decree containing the property settlement, although the deed was not recorded until February 5, 1942, after the entry of the decree.  Plaintiff further alleged that defendant instituted eviction proceedings on February 2, 1940, against the tenant of the premises described in the deed, and stated therein that he was the landlord of the premises.  Plaintiff also claimed that subsequent to the entry of the decree of divorce and the death of the grantor of the deed, who was the mother of the defendant, the will of the de-

ceased was filed in the probate court devising the property to defendant; that thereafter certain heirs of the testatrix filed notice of contest of the will; and that plaintiff was informed and did believe that defendant advised those heirs that he had been the owner of the premises since May, 1938, whereupon the will contest was discontinued. Plaintiff alleges that she entered the property settlement in reliance upon defendant's sworn statement as to the property he owned; that the undisclosed property has a value of between $8,000 and $10,000, and therefore, the settlement was unfair and inequitable. Plaintiff seeks to have the decree of January 21, 1942, vacated in its entirety and a new decree entered in this case granting her an absolute divorce, custody of the minor children, alimony and a division of all of the property of the parties, including an accounting and share in the disputed parcel that was not considered at the hearing of the divorce suit. Defendant appeared specially for the purpose of filing a motion to dismiss. He contends that the cause of action is barred by the prior decree in the divorce action; that the bill of plaintiff fails to make out a case of fraud; that the property settlement had been entered into with the consent and agreement of the parties and their respective counsel and was final and not subject to an attack by a new bill in chancery. Defendant also filed an affidavit with the friend of the court in which he stated that when the decree was entered the property in question was still owned by his mother but that his mother, in contemplation of death, had delivered a deed of the premises to him on February 2, 1942; that the proceedings before the circuit court commissioner of Wayne county were undertaken by him as agent for his mother; that he had never stated to any one that he was the owner of the property; and

that plaintiff had knowledge of the fact that the property was owned by defendant's mother at the time the decree was entered.

The trial judge, upon her own initiative and without objection by plaintiff or her counsel, checked the circuit court commissioner's files and ascertained that the complaint and affidavit to recover possession of the disputed premises were signed in the name of defendant's mother by the defendant.

The trial court held the amended bill of complaint was based largely on information and belief and did not make a sufficient showing of fraud; that the proceeding was in the nature of a bill of review, and that bills of review having been abolished, the court did not have jurisdiction. Decree was entered dismissing the bill of complaint. Plaintiff appeals.

In *Fries* v. *Wonnacott,* 270 Mich. 86, we quoted with approval the following definition from Bouvier's Law Dictionary:

"A bill of review is one brought to have a decree of a court reviewed, altered or reversed."

Under Court Rule No. 48, §4 (1945), the remedy by bill of review was abolished and superseded by motion for rehearing. Court Rule No. 48, §1 (1945), provides:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within 2 months from the entry of the final decree, except where application is made on the ground of newly-discovered evidence, in which case the application must be filed within 4 months."

It is plaintiff's contention that her new bill of complaint, as amended, is not a bill of review because

the fraud alleged therein is "extrinsic" as distinguished from "intrinsic" fraud. In *Dodge* v. *Detroit Trust Co.*, 300 Mich. 575, 609, this Court stated:

"Had there been intrinsic fraud, remedy would have been by motion for rehearing and appeal; had there been extrinsic fraud only by prompt action and proper showing would plaintiff have had a footing in an equity court."

In the instant case, plaintiff did not take an appeal from the order dismissing her petition to modify the original decree of January 21, 1942; nor is any explanation offered for plaintiff's delay, from April 13, 1943, the date of the order dismissing the petition to modify, until June 23, 1944, in filing her bill of complaint. The alleged fraud which prompted the petition to modify the original decree is the very same fraud which is the basis for the bill of complaint filed more than 14 months after the dismissal of the petition to modify. It is this feature of the instant case which, among others, distinguishes it from *Lantinga* v. *Lantinga, ante,* 78.

Under the circumstances, we believe the court properly dismissed the bill of complaint.

The decree is affirmed, with costs to defendant.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.