TYLER *v.* TYLER.

1. Divorce—Courts—Children.

A court before whom a divorce case is pending has a duty to make timely provision for the welfare and maintenance of an expected child.

2. Same—Pregnancy—Setting Aside Pro Confesso Decree for Husband.

A trial court may, either upon his own motion or that of defendant wife, set aside a *pro confesso* decree of divorce and order a rehearing, where plaintiff husband did not disclose fact of recent marital relations with his wife and her pregnancy, since the court is under a continuing duty to provide for the rights as well as the maintenance of the expected child (Court Rule No 28, § 4 [1945]).

Appeal from Shiawassee; Carland (Michael), J. Submitted January 22, 1957. (Docket No. 94, Calendar No. 46,820.) Decided April 22, 1957.

Following a default decree of divorce on bill by Arlo C. Tyler against Genevieve Tyler, a motion by the defendant was granted and an order entered setting aside default and vacating decree for the reason that court was not properly advised of child *in esse*. Plaintiff appeals. Affirmed and remanded for further proceedings.

*V. O. Braun,* for plaintiff.

*James S. Miner,* for defendant.

References for Points in Headnotes
[1] 17 Am Jur, Divorce and Separation § 694.
[2] 17 Am Jur, Divorce and Separation §§ 432, 433, 703.

BLACK, J. As will presently appear, our order granting leave to appeal in this case—dated April 6, 1956—was quite improvident. Attention has now been focused on a duty that is ever-important in divorce cases—that of timely judicial provision for the welfare and maintenance of minor children. The fact is that a child of the parties, *in esse* when this bill was filed, has undoubtedly been born[*] subsequent to entry of the order brought here for review. Our order granting leave has thus, under section 6 of Court Rule No 62 (1945), prevented the chancellor from taking steps normally expectable toward interim support and maintenance of the child. We hasten in these circumstances toward belated correction of an error on our part.

Plaintiff, a serviceman on leave at the time, filed this bill for divorce against defendant June 10, 1955. His deposition, said to have been taken for perpetuation purposes, was attested 17 days later. Plaintiff thereupon departed for overseas service. A decree of divorce on the bill, entered *pro confesso,* was filed September 6, 1955, following personal service of process on the defendant.

September 26, 1955, defendant filed motion to set aside the default and the decree, proffering according to court rule a sworn answer. The motion was served on plaintiff's attorney of record. The attorney appeared before the court and insisted he no longer represented the plaintiff. The court thereupon adjourned the hearing for mailing of notice of the impending motion to plaintiff, the latter's service address in Germany having been ascertained.

The motion, with a new notice of hearing, was thereafter served on plaintiff by registered mail. At subsequent hearing the fact of such service, validity of which is presently attacked by plaintiff's

---

[*] The child's birth would have taken place in March of 1956 according to unchallenged allegations of the proffered sworn answer.

said attorney of record, was shown by affidavit with appended return receipt bearing the apparent signature of plaintiff.

Turning now to the initially considered fact: Plaintiff's bill alleged nonexistence of involved minor children. According to the chancellor, plaintiff in giving his deposition withheld facts pertaining to pregnancy and recent marital relations. Such facts were not made known to the court until the mentioned answer was filed. The motion to vacate default and decree was therefore granted for reasons given as follows:

"*The Court:* I am of the opinion that a man cannot come in here and submit to the jurisdiction of this court, attempt to get relief and obtain relief, and then say, 'Oh, no, I am out of the way, this court can't do anything about it. I am in the Army.' Especially is it true, whereas it appears very vital facts were withheld from the court, namely, that the wife was pregnant. Certainly that must be admitted. It is not denied. Certainly the man can't come in and defraud this court, and then say, 'I am beyond the reach of the court.' I think it is obvious that there has been a complete lack of good faith, insofar as the plaintiff is concerned. Only he knew of the situation, or should have known of it. The matter should have been disclosed to the court. I shall set the decree aside. I think I would have the right to set aside the decree on my own motion, if those facts came to my attention."

Plaintiff states the questions brought here for review this way:

"Did the honorable circuit court err in its order of November 7, 1955, overruling plaintiff's motion to dismiss defendant's petition and to 'quash service of process,' and further in granting defendant's motion to set aside the default and decree for the following reasons:

"A. That service on plaintiff of the motion to set aside the default and decree by registered mail, when not defending in his own name, is insufficient.

"B. That service cannot be made on plaintiff outside the State of Michigan by registered mail.

"C. That service by registered mail under the court rule did not give plaintiff adequate time to defend as provided by said court rule.*

"D. That service as made by registered mail did not give the plaintiff proper and adequate time to defend under the due process clause of the Federal and State Constitutions.

"E. That when the court overruled plaintiff's petition the plaintiff should have been granted 15 days to answer defendant's petition to set aside the default and decree.

"F. That when the honorable court overruled plaintiff's petition, the plaintiff should have been granted a hearing on defendant's petition to set aside the default and decree, before the order so setting it aside was granted."

We find it unnecessary to consider the various legal points plaintiff has posed in his brief. This is a case where the court below was under continuing duty to provide for the rights as well as the maintenance of the expected child. Having been promptly apprised of an urgent fact not theretofore made known to him—that an only child of the parties was due for birth without provision for such child having been made in the decree—the chancellor was duly empowered by the motion as filed and served on counsel of record† to vacate the decree and its supporting order *pro confesso*. Indeed, and if he had been so minded, the chancellor for abundant reason could have ordered a rehearing on his own motion (*Fries* v. *Wonnacott*, 270 Mich 86). His order for such vaca-

---

* Reference here is made to Court Rule No 8, § 2 (1945). The rule provides for service of papers on attorneys.—Reporter.

† The motion to vacate was filed and served well within the 4-month period prescribed in section 4 of Court Rule No 28 (1945).

tion is not a final one. If the order aggrieves, which we do not decide, it will be subject to review of right when the case, now at issue, proceeds to decree upon the issues as made. This means that we should immediately return the case to the chancellor for disposition according to the equity thereof and the equity of a child born, we assume, one year ago.

Affirmed and remanded for further proceedings consistent herewith. Costs to defendant.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, KELLY, and CARR, JJ., concurred.