UNITED STATES of America, Plaintiff,

v.

**Robert M. GRAY, Defendant.**

**No. 82 C 2556.**

United States District Court,
N.D. Illinois, E.D.

Dec. 16, 1982.

---

Dan K. Webb, U.S. Atty., Mary S. Rigdon, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Gerald G. Kielian, Gray, Kleczek & Kielian, P.C., Joliet, Ill., for defendant.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

This is an action on a promissory note executed by the defendant, Robert M. Gray ("Gray"), and assigned by the Union National Bank and Trust Co. of Joliet, Illinois, the original payee, to the United States in 1978. Gray had given the bank the note in exchange for a home improvement loan which was guaranteed by the United States Department of Housing and Urban Development ("HUD") pursuant to 12 U.S.C. §§ 1703(a) & 1703(c)(1) (Supp. V 1981). Under the provisions of that statute, HUD guarantees payment of the loan, and if the borrower defaults on payment, the lender may assign the note to the United States, which then discharges the borrower's indebtedness to the lender. The government alleges that $698.08 remains due on the note, plus interest of $178.15 through August 1, 1982 (at the rate of 5% per annum), for a total of $876.23 through August 1. The government claims that additional interest accrues at a daily rate of $.09, which brings the total amount due through December 10 to $888.11.

In his response to the complaint, defendant asserts an "affirmative defense" to payment of the note. He claims that shortly before his default, the bank wrongfully refused to credit to his checking account, out of which payments on the loan were made, $280.00 wrongfully charged to the account as a result of a forged check. Defendant subsequently took a polygraph examination to confirm his lack of knowledge of the forgery, at a cost to him of $150.00. He alleges that before taking the examination, the bank agreed that if the results of the test confirmed his version of the forgery, it would reimburse him for the cost of the test in addition to crediting his account. Despite a favorable polygraph result, defendant claims, the $280.00 was never credited to his account nor was he repaid for the examination. Defendant closed his account at the bank and informed it that he would make no further payments on the note until the bank gave him satisfaction. All of this apparently took place before the assignment of the note to the United States. Defendant in essence admits that he has defaulted on the note but asserts that the $430 allegedly owed him by the bank should be set off against the money he now owes to the United States.

■ The parties have filed cross motions for summary judgment and in their briefs discuss the applicability of the holder in due course rule to the facts of the case. The government argues that it is a holder in due course and is not subject to any defenses to payment which defendant could have asserted against the bank before the assignment. Defendant responds that because the government took the note with the knowledge that it was overdue, it cannot qualify as a holder in due course. We believe that defendant has the better of the argument.

The parties appear to agree that the applicable law is the Illinois Commercial Code. Under Ill.Rev.Stat. ch. 26, § 3–302 (1981), a holder of an instrument is a holder in due course if it takes the instrument for value, in good faith, and without notice that it is overdue or has been dishonored or of any defense or claim to the instrument. Section 3–304(3) of the Code provides that a purchaser of a note has notice that the note is overdue (and thus is not a holder in due course) "if he has reason to know . . . that any part of the principal amount is overdue . . . ," which clearly was the case here. Thus, under the clear language of the Illinois Commercial Code, plaintiff is not a holder in due course.

Plaintiff's argument to the contrary is unpersuasive. It has cited three cases in support of its argument: *United States v. Skinner,* 137 F.Supp. 234 (E.D.Idaho 1956); *United States v. Dobrowolski,* 16 F.R.D. 134 (D.Md.1954); and *United States v. O'Hara,* 46 F.Supp. 780 (E.D.Mich.1942). All of those cases, however, involve the United States taking a note from a party, not the maker of the note, which itself was a holder in due course. In such a case, the Uniform Commercial Code provides that the trans-

feree (in these cases the United States) is entitled to the same status as the transferror, that is, a holder in due course. Ill.Rev. Stat. ch. 26, § 3–201(1) (1981). That is not the case here, however. Plaintiff in the present case obtained the note from the original payee, which of course could not have been a holder in due course. Thus, *Skinner, Dobrowolski,* and *O'Hara* are inapposite.

Because plaintiff is not a holder in due course, our determination whether defendant's "affirmative defense" may be asserted against plaintiff is governed in the first instance by Ill.Rev.Stat. ch. 26, § 3–306 (1981), which describes the rights of one not a holder in due course. Under § 3–306(b), one who is not a holder in due course takes a note subject to "all defense of any party which would be available in an action on a simple contract." The weight of authority under § 3–306(b) holds that the issue whether a particular defense, including a right of set-off as asserted by defendant here, is determined by reference to state statutory or contract law outside of the commercial code. *See United Overseas Bank v. Veneers, Inc.,* 375 F.Supp. 596, 608 (D.Md.1974); *Community Bank v. Ell,* 278 Or. 417, 564 P.2d 685, 688 (1977); *Srochi v. Kamensky,* 118 Ga.App. 182, 162 S.E.2d 889, 892 (1968).[1]

Under Ill.Rev.Stat. ch. 17, § 613 (1981), in any action on a note assigned to the plaintiff after it became due, "a set-off to the amount of the plaintiff's debt may be made of a demand existing against any person or persons who shall have assigned or transferred such instrument after it became due, if the demand be such as might have been set-off against the assignor, while the note . . . belonged to him." It has long been the

1. *Bank of Wyandotte v. Woodrow,* 394 F.Supp. 550, 555–56 (W.D.Mo.1975), which is to the contrary, is in our view unpersuasive. *Woodrow* holds, based on the Uniform Commercial Code alone, that § 3–306(b) does not permit a maker of a note to set off against an assignee claims resulting from unrelated transactions. It relies on § 3–304(4)(f) and comment 3 to § 3–304, which state that notice of a set-off is not "notice . . . of any defense" which would

result in denial of holder in due course status under § 3–302(1)(c). Those sections do not, we believe, have any relevance to the determination of what defenses are available where the transferee is not a holder in due course. Section 3–306(b) is clear on its face, and if a set-off is a "defense available in an action on a simple contract" it must be held available under the commercial code.

law in Illinois that a defendant in a contract action is entitled to set off against plaintiff's claim a claim that is liquidated, even if it results from a transaction unrelated to the plaintiff's claim. *Sterling-Midland Coal Co. v. Great Lakes Coal & Coke Co.,* 240 Ill.App. 216 (1926), *rev'd on other grounds,* 334 Ill. 281, 165 N.E. 793 (1929); *Engstrom v. Olson,* 248 Ill.App. 480, 482–83 (1928). *See also Ronehel v. Lofquist,* 46 Ill.App. 442 (1892) (permitting maker of note to set off unrelated claim against original payee in action by assignee of note). Defendant's claims here are clearly liquidated: he requests $280 for the check that the bank wrongfully paid, and he requests $150 for the cost of the polygraph test that he claims the bank agreed to pay for. Thus, under Illinois law (and therefore under § 3–306(b)), defendant's set off properly may be asserted against the United States.

 It remains for us to determine the cross motions for summary judgment. Although in his answer defendant denied plaintiff's allegation that he had defaulted on the note, he has not controverted plaintiff's affidavit in support of its motion for summary judgment, which details the circumstances of the default. Defendant cannot stand on the denials in his answer when the plaintiff has supported its motion for summary judgment with affidavits. *See* Fed.R.Civ.P. 56(e). Thus, plaintiff is entitled to summary judgment for the amount remaining due on the note, plus interest accrued to date, or $888.11 through December 10, 1982.

In support of his motion for summary judgment on his claim of set off, defendant relies upon his "verified affirmative defense," suggesting that he had verified his set off claim under the pains and penalties of perjury and that the claim is thus entitled to the status of an affidavit in a motion for summary judgment. However, defendant is mistaken; his affirmative defense is not "verified." Plaintiff did not file a response to the affirmative defense; however, it was not required to do so. Fed. R.Civ.P. 7(a) ("There shall be ... a reply to

a counterclaim *denominated as such* ") (emphasis supplied); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1184 at 15–16 (1969 & Supp.1982). Thus, plaintiff was not required to respond to the "affirmative defense," even if in substance it was a counterclaim. Defendant, therefore, is not entitled to summary judgment.

Under Fed.R.Civ.P. 7(a), however, we may order the plaintiff to respond to defendant's allegations, even if they are not denominated as a counterclaim. Because defendant is entitled to assert a set off against plaintiff's claim, we order plaintiff to respond to the "affirmative defense" within 20 days of receipt of this order. While we have ruled that plaintiff is entitled to summary judgment on its claim against defendant, until the issues raised by defendant are resolved, we will not enter final judgment in plaintiff's favor under Fed.R.Civ.P. 54(b).