PEOPLE v WILLIAMS (AFTER SECOND REMAND)

Docket No. 169965. Submitted November 17, 1994, at Detroit. Decided December 19, 1994, at 9:05 A.M. Leave to appeal sought.

Marlon A. Williams pleaded guilty in the Saginaw Circuit Court, Robert L. Kaczmarek, J., of possession with intent to deliver less than fifty grams of cocaine and of conspiracy to deliver less than fifty grams of cocaine. The defendant was sentenced to concurrent prison terms of 13½ to 20 years. The Court of Appeals, WALSH, P.J., and T.G. KAVANAGH and W.R. BEASLEY, JJ., in an unpublished memorandum opinion, decided March 25, 1992 (Docket No. 134964), remanded for resentencing after concluding that the sentences violated the principle of proportionality. On remand, the trial court imposed the same sentences for the same reasons it had given earlier. The Court of Appeals, MARILYN KELLY, P.J., and MICHAEL J. KELLY and FITZGERALD, JJ., in an unpublished memorandum opinion, decided July 2, 1993 (Docket No. 153184), remanded for resentencing before a different judge. On remand, the trial court, Patrick M. Meter, J., imposed consecutive prison sentences of 8 to 20 years for the possession conviction and 3½ to 20 years for the conspiracy conviction. The defendant appealed, challenging the consecutive nature of the sentences.

After second remand, the Court of Appeals held:

Where a case is remanded from the Court of Appeals because the entire sentence is invalid, every aspect of the sentence is before the judge de novo, unless the order of remand indicates otherwise. Here, the last remand order instructed that the case be treated as if the defendant had not been sentenced previously. The second judge therefore properly could impose consecutive sentences as required by MCL 333.7401(3); MSA 14.15(7401)(3). The consecutive sentences were proportionate to the seriousness of the crimes and the defendant's background.

Affirmed.

SENTENCES — COURT OF APPEALS — REMANDS FOR RESENTENCING.

Where a criminal case is remanded by the Court of Appeals

REFERENCES

Am Jur 2d, Appeal and Error §§ 967, 976.

See ALR Index under Sentence and Punishment.

> because the entire sentence is invalid, every aspect of the
> sentence is before the sentencing judge de novo, unless the
> order of remand indicates otherwise.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant on appeal.

### AFTER SECOND REMAND

Before: MARILYN KELLY, P.J., and J. H. GILLIS* and M.D. SCHWARTZ,** JJ.

MARILYN KELLY, P.J. Defendant, Marlon Williams, seeks relief from his consecutive sentences of 8 to 20 years and 3½ to 20 years imprisonment. The former was imposed for possession with intent to deliver less than fifty grams of cocaine and the latter for conspiracy to deliver less than fifty grams of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv); MCL 750.157a; MSA 28.354(1). We affirm.

I

This case has a long procedural history. Defendant pled guilty to the charges in October, 1990. The trial judge sentenced him to concurrent prison terms of 13⅓ to 20 years. Defendant appealed, claiming his sentences were disproportionate. Our Court agreed and remanded for full resentencing. *People v Williams,* unpublished memorandum

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

opinion of the Court of Appeals, decided March 25, 1992 (Docket No. 134964).

At resentencing, the trial judge imposed the identical concurrent sentences of 13⅓ to 20 years. Defendant appealed a second time. Our Court noted that the trial judge offered the same reasons he had at the first sentencing to justify exceeding the guidelines' recommendation. We concluded that the cited reasons did not justify an upward departure from the recommendation and that the court failed to state reasons which would justify an upward departure. We again remanded for resentencing, this time before a different judge. We instructed the trial court to complete an updated sentencing information report and, if necessary, SIR departure forms. Defendant was to be given the opportunity to refute any information used in sentencing, and an evidentiary hearing was to be held if necessary. *People v Williams*, unpublished memorandum opinion of the Court of Appeals, decided July 2, 1993 (Docket No. 153184).

At the second resentencing, the prosecutor requested that the judge impose consecutive sentences as required by MCL 333.7401(3); MSA 14.15(7401)(3). Defense counsel objected. He argued that imposition of concurrent sentences at both prior sentencings and the prosecutor's failure to cross-appeal from them precluded the sentencing judge from imposing consecutive sentences at resentencing. He asserted that only those portions of the prior sentences which were reviewed by the appellate court could be considered at resentencing. He argued that their concurrent nature had never been addressed on appeal. He asserted that any parts of the sentences which the appellate court did not disturb were to be considered the law of the case, not subject to further modification.

Notwithstanding defendant's arguments, the

judge sentenced defendant to consecutive terms of 8 to 20 years and 3½ to 20 years imprisonment for the two convictions.

## II

### A

On appeal defendant ' asserts that, while the sentencing judge could alter or modify the term of years of the sentences, he was required to impose concurrent sentences. In support, he cites MCL 769.24; MSA 28.1094, which provides:

Whenever, in any criminal case, the defendant shall be adjudged guilty and a punishment by fine or imprisonment shall be imposed in excess of that allowed by law, the judgment shall not for that reason alone be judged altogether void, nor be wholly reversed and annulled by any court of review, but the same shall be valid and effectual to the extent of the lawful penalty, and shall only be reversed or annulled on writ of error or otherwise, in respect to the unlawful excess.

We reject defendant's argument for a number of reasons. First, this statute must be read in conjunction with the court rule that defines the term "judgment." MCR 6.427 provides:

Within 7 days after sentencing, the court must date and sign a written judgment of sentence that includes:
    (1) the title and file number of the case;
    (2) the defendant's name;
    (3) the crime for which the defendant was convicted;
    (4) the defendant's plea;
    (5) the name of the defendant's attorney if one appeared;

(6) the jury's verdict or the finding of guilt by the court;

(7) the term of the sentence;

(8) the place of detention;

(9) the conditions incident to the sentence; and

(10) whether the conviction is reportable to the Secretary of State . . . .

As is clear from a reading of the court rule, the judgment is the final record of a defendant's conviction. MCL 769.24; MSA 28.1094 instructs the judiciary that, if the sentence exceeds that allowed by law, the entire judgment is not rendered null and void. Rather, the court is required only to correct the unlawful sentence.

B

Here, in reviewing defendant's sentences, our Court concluded that, because they were disproportionate, they were unlawful and hence invalid. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). MCR 6.429 authorizes trial courts to correct an invalid sentence. *In re Dana Jenkins,* 438 Mich 364, 368-369; 475 NW2d 279 (1991). At the second resentencing, the judge was charged with the task of correcting invalid sentences.

In order to determine what would constitute lawful sentences for defendant's convictions, we consider both statute and the instructions of our Court to the resentencing judge.

Defendant's offenses were controlled substances offenses. By statute, the trial court was required to make the sentences consecutive, because MCL 333.7401(3); MSA 14.15(7401)(3) provides:

A term of imprisonment imposed pursuant to

subsection 2(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

See *People v Kent,* 194 Mich App 206, 207-209; 486 NW2d 110 (1992); *People v Cline,* 190 Mich App 1, 2; 475 NW2d 362 (1991).

Furthermore, our Court in its first opinion remanded for a "full resentencing." Docket No. 134964. In our second opinion, we simply remanded "for resentencing." Docket No. 153184. There, we gave additional instructions which indicate that the judge at resentencing was to treat the case as if defendant had not been sentenced previously. New sentence information reports were required. Defendant was given the opportunity to refute the information which was to form the basis of his sentences.

We find no abuse of discretion in the sentences imposed by the judge. When a case is remanded from our Court because the entire sentence is invalid, every aspect of the sentence is before the judge de novo unless the remand indicates otherwise.[1] Furthermore, this defendant's sentences were proportionate to the seriousness of the crimes and his background. *Milbourn.* They also complied fully with the statute which required consecutive sentences. MCL 333.7401(3); MSA 14.15(7401)(3). Defendant is entitled to no further relief in this matter.

Affirmed.

---

[1] Our Supreme Court recently released *People v Thomas,* 447 Mich 390; 523 NW2d 215 (1994). Since *Thomas* dealt with a partially invalid sentence, rather than the wholly invalid sentence involved here, the Court's instructions regarding correction of the defendant's sentence are not applicable here.