PEOPLE v DAVIS

Docket No. 309525. Submitted April 2, 2013, at Lansing. Decided April
      16, 2013, at 9:10 a.m.

      Stafano A. Davis was convicted by a jury in the Calhoun Circuit Court,
          James C. Kingsley, J., of voluntary manslaughter and possession of a
          firearm during the commission of a felony. Defendant was sentenced
          to 7 to 15 years' imprisonment for the manslaughter conviction to be
          served consecutive to a term of two years' imprisonment for the
          felony-firearm conviction. Defendant appealed. The Court of Appeals
          affirmed the convictions and remanded the case to the circuit court
          for reconsideration of the scoring of offense variable (OV) 13, MCL
          777.43, and correction of the presentence investigation report. *People
          v Davis*, unpublished opinion per curiam of the Court of Appeals,
          issued November 29, 2011 (Docket No. 299343). On remand, the trial
          court determined that OV 13, which considers a continuing pattern of
          criminal behavior, did not apply but determined that OV 5, MCL
          777.35, which considers psychological injury to members of a victim's
          family, did apply and scored 15 points for OV 5. Defendant was
          resentenced to 78 months' to 15 years' imprisonment for the man-
          slaughter conviction to be served consecutive to a term of two years'
          imprisonment for the felony-firearm conviction. Defendant appealed.

          The Court of Appeals *held*:

          1. The order of the Court of Appeals remanding the matter to
      the trial court did not limit the trial court's consideration to only
      a consideration whether OV 13 was properly scored. The order
      specifically gave the trial court discretion to resentence defendant
      if it found OV 13 to have been improperly scored. Because it did so
      find, it had full authority to resentence defendant, placing the case
      in a presentence posture. Consequently, the trial court was able to
      consider other issues at resentencing, including consideration of a
      newly submitted victim's impact statement from the victim's
      biological mother, who had given up the victim for adoption at an
      early age, in which she indicated that following the victim's death
      she had suffered depression and a nervous breakdown, resulting in
      the need to take additional medications. The evidence supported
      the scoring of OV 5.

2. The victim's biological mother is a "member of the victim's family" for purposes of OV 5. Nothing in the language of the statute limits the term "family" to people with whom one has a legal relationship. Although the biological mother gave the victim up for adoption, they are still connected by blood.

Affirmed.

1. APPEAL — MOTIONS AND ORDERS — REMAND PROCEEDINGS.

Proceedings on remand are limited to the scope of the remand order; the lower court, on remand, may take such action as law and justice may require as long as it is not inconsistent with the judgment of the appellate court.

2. APPEAL — MOTIONS AND ORDERS — LAW OF THE CASE — REMAND PROCEEDINGS.

When an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same; the doctrine of the law of the case has no application when a case is remanded without directions to the lower court and the lower court enjoys the same power as if it made the ruling itself.

3. CRIMINAL LAW — SENTENCES — RESENTENCING ON REMAND — PRESENTENCE INVESTIGATION REPORTS.

A case is placed in a presentence posture once a defendant's original sentence has been vacated by an appellate court and the matter has been remanded for resentencing; at resentencing, every aspect of the sentence is before the trial court de novo; the trial court may consider the contents of the presentence investigation report when calculating the sentencing guidelines and the victims may have their victim's impact statements included in the report.

4. CRIMINAL LAW — OFFENSE VARIABLES — OFFENSE VARIABLE 5 — WORDS AND PHRASES — VICTIM'S FAMILY.

A biological mother who has given up her child for adoption may be considered a member of the child's "family" for purposes of scoring offense variable 5, psychological injury to member of victim's family; the statute does not limit the term "family" to people with whom one has a legal relationship (MCL 777.35).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Susan K. Mladenoff*, Prosecuting

Attorney, and *Brandon S. Hultink*, Assistant Prosecuting Attorney, for the people.

*Law Offices of Suzanna Kostovski* (by *Suzanna Kostovski*) for defendant.

Before: M. J. KELLY, P.J., and CAVANAGH and MURRAY, JJ.

MURRAY, J. Defendant Stafano Adeesa Davis was convicted by a jury of voluntary manslaughter, MCL 750.321, and possession of a firearm during commission of a felony, MCL 750.227b. He was originally sentenced to 7 to 15 years' imprisonment for manslaughter, to be served consecutive to the felony-firearm sentence. After these convictions, defendant appealed, and we ultimately affirmed the convictions but remanded the case for reconsideration of the scoring of offense variable (OV) 13, MCL 777.43, and for correction of the presentence investigation report (PSIR). See *People v Davis*, unpublished opinion per curiam of the Court of Appeals, issued November 29, 2011 (Docket No. 299343), p 1. Pursuant to this Court's remand order, the trial court determined that OV 13 did not apply, but then scored 15 points for OV 5, MCL 777.35. Defendant was resentenced to 78 months' to 15 years' imprisonment for the manslaughter conviction, with 787 days' credit. Defendant now appeals that judgment of sentence as of right, arguing that the trial court improperly scored OV 5 at resentencing. We affirm.

## I. FACTS AND PROCEEDINGS

The underlying facts of this case were summarized by this Court in *Davis*, unpub op at 2-4, but they need not be recounted here because they are irrelevant to the issue on appeal. For our current purpose, what is

important from this Court's prior decision is that we ultimately remanded the case "for reconsideration of the scoring of OV 13," which would entail the trial court determining whether "the prosecution has established, by a preponderance of the evidence, that defendant committed a combination of three or more crimes against a person or property as is required under MCL 777.43(1)(d) . . . ." *Id.* at 8. We indicated that if OV 13 was properly scored, "the court may deny resentencing. If, however, the court determines that defendant did not commit three such crimes, the court should consider whether to resentence defendant." *Id.*, citing *People v Chesebro*, 206 Mich App 468, 474; 522 NW2d 677 (1994), overruled in part on other grounds *People v McGraw*, 484 Mich 120, 133 n 42 (2009).

At the hearing held on remand, defendant and the prosecution both acknowledged that OV 13 was improperly scored, and the trial court agreed to resentence defendant. In doing so, the trial court requested the probation department to update the PSIR, indicating that it was primarily interested in how defendant had acted while in prison.

Before resentencing, the victim's biological mother submitted a victim's impact statement that had not been included with the original PSIR. The statement provided, in part:

> My heart aches everyday for my son and the life that was taken away so brutally by [defendant]. My 2 grandsons has [sic] lost their father and my son has lost a brother. Demar will never get to see his boys grow up. The taking of my son's life sent me through a life changing event. I am more depressed than before, I had a nervous breakdown and I'm taking more medications now. I cry almost every day and I am so lost.

\* \* \*

> I had a nervous breakdown and my life is no longer happy. I am depressed I am a grandmother & father to my grandsons. I feel the lost [sic] of my child every day. I stay in my house more and I am so afraid for my son that I have left. I never expected for my son to die before me. [Defendant] you took my son['s] life. You don't deserve to live either.

Based on this statement the updated sentencing information report (SIR) indicated that an additional 15 points should be scored for OV 5, which scores serious psychological injury to a victim's family requiring professional treatment. MCL 777.35. Defendant objected to the scoring of OV 5. In doing so, defense counsel conceded that the prosecution was not estopped from filing an amended SIR, but nevertheless argued that as "a matter of fairness" the prosecution should not be able to have another OV scored to merely make up for the erroneously scored OV 13. Defendant also asserted that scoring 15 points for OV 5 was inappropriate because it was based on the alleged effect of his crime on the victim's birth mother, even though the victim had been adopted at a young age.

The trial court found that defendant's offense had been "a life-changing event" for the biological mother that caused her to have "[a] nervous breakdown," which in turn resulted in her becoming "more depressed than before," which then led her to take "more medications" and left her "cry[ing] almost every day." The trial court noted:

> As an adoptive mother [sic] she may not have been as closely involved in the victim's life as she would have been had the adoption not occurred, but the point of it is . . . from what she says that there was some kind of close and continuing relationship, when she makes reference to the victim's death impacting her other son. It has impacted her grandsons. And by making that kind of reference to me it is

reasonable to assume, [defense counsel], that there was a closer relationship than would have been logically inferred based upon your comments.

The trial court then determined that scoring 15 points for OV 5 was warranted.

In resentencing defendant, the trial court analyzed four factors: (1) punishment, which the trial court found to be inherent in his active prison sentence; (2) protection of society, where the trial court noted defendant's "history of assaultive conduct and weapons"; (3) rehabilitation, which although the trial court expressed some skepticism that defendant had changed in any meaningful way, it still "accept[ed] what your lawyer sa[id]," and (4) deterrence to others, where the trial court spoke of its desire to reduce gang violence, but "acknowledge[d] that [it] cannot," eliminate such activity. The trial court weighed these factors and sentenced defendant within the guidelines to a term of $6^{1}/_{2}$ years' to 15 years' imprisonment, noting that "[t]his isn't much different than . . . the first sentence—but it is a recognition that [defendant has] begun to do some positive things."[1]

## II. ANALYSIS

Defendant's sole argument—which has two components—is that the trial court erred when scoring OV 5. "The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*[,] involve legal questions that this Court reviews de novo." *McGraw*, 484 Mich at 123. "To the extent that a challenge to the trial court's scoring of a variable

---

[1] Because the trial court did not increase defendant's sentence on remand, but in fact reduced the minimum sentence, there is no issue of vindictiveness raised in this appeal. *People v Colon*, 250 Mich App 59, 66; 644 NW2d 790 (2002).

involves a question of statutory interpretation, this Court reviews de novo questions of statutory interpretation." *People v Ericksen*, 288 Mich App 192, 202; 793 NW2d 120 (2010), citing *People v Osantowski*, 481 Mich 103, 107; 748 NW2d 799 (2008). "This Court reviews a trial court's scoring of a sentencing guidelines variable for clear error. A scoring decision is not clearly erroneous if the record contains '*any* evidence in support of the decision.' " *People v Lockett*, 295 Mich App 165, 182; 814 NW2d 295 (2012), quoting *People v Hicks*, 259 Mich App 518, 522; 675 NW2d 599 (2003) (quotation marks and citations omitted). An error in the calculation of the recommended minimum sentence range that increases the length of the defendant's sentence constitutes error requiring reversal. *People v Francisco*, 474 Mich 82, 88-91; 711 NW2d 44 (2006) (a defendant is entitled to resentencing on the basis of a scoring error if the error changes the recommended minimum sentence range under the legislative sentencing guidelines).

As an initial matter, defendant argues that the trial court had no authority to score OV5, as it was outside the scope of the remand from this Court. Although both parties base their arguments in part on federal law, specifically 28 USC 2106 and federal circuit court decisions interpreting it, reliance on this federal law is unnecessary as Michigan law adequately addresses the scope of a remand.

"When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992), citing *People v Blue*, 178 Mich App 537, 539; 444 NW2d 226 (1989). "[I]f an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently

determined on a subsequent appeal in the same case where the facts remain materially the same." *People v Fisher*, 449 Mich 441, 444-445; 537 NW2d 577 (1995) (quotation marks and citation omitted). However:

> The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court. Likewise, the doctrine of the law of the case has no application where a case is remanded without directions to the lower court; in such a case the lower court would enjoy the same power as if it made the ruling itself. [*Id.* at 446-447, citing *Lyon v Ingham Circuit Judge*, 37 Mich 377 (1877), and *Garwood v Burton*, 274 Mich 219, 222; 264 NW 349 (1936) (quotation marks and citation omitted).]

As relevant to this case, once an original sentence is vacated, the case is placed in a presentence posture. *People v Rosenberg*, 477 Mich 1076 (2007); *People v Ezell*, 446 Mich 869 (1994). As a result, at resentencing, "every aspect of the sentence is before the judge de novo[.]" *People v Williams (After Second Remand)*, 208 Mich App 60, 65; 526 NW2d 614 (1994). The trial court may consider the contents of the presentence investigation report when calculating the guidelines and the victims may have their statements included in the PSIR. MCL 780.764; MCL 780.765; *Morales v Parole Bd*, 260 Mich App 29, 45-46; 676 NW2d 221 (2003); *People v Williams*, 244 Mich App 249, 253-254; 625 NW2d 132 (2001); *People v Ratkov (After Remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993).

As noted, we previously remanded this case for the trial court to reconsider the scoring of OV 13. We also said that, if "the court determines that defendant did not commit three such crimes, the court should consider whether to resentence defendant." *Davis*, unpub op at 8. Thus, this Court's remand order did not limit

the trial court's ability to only a consideration of whether OV 13 was properly scored, as the court was specifically given discretion to resentence defendant if it found OV 13 to have been improperly scored. Because it did so find, it had full authority to resentence defendant, placing the case in a presentence posture. *Rosenberg*, 477 Mich 1076. Consequently, the trial court was able to consider and decide other issues at resentencing once it determined that OV 13 had been erroneously scored. See *Williams (After Second Remand)*, 208 Mich App at 65 (every aspect of the sentence was before the judge de novo). This includes consideration of the newly appended victim's impact statement. See *People v Waclawski*, 286 Mich App 634, 691-692; 780 NW2d 321 (2009).

We now turn to whether the trial court properly scored OV 5.

"To calculate the appropriate guidelines range, a court must determine the offense category and which offense variables apply, score the offense variables, total the points" and determine the variable levels. *People v Wiggins*, 289 Mich App 126, 129; 795 NW2d 232 (2010), citing MCL 777.21(1). "The court must then use the resultant offense variable level and prior record variable level with the applicable sentencing grid to determine the recommended minimum sentence range." *Wiggins*, 289 Mich App at 129. "Generally, once the sentencing court calculates the defendant's guidelines range, it must, absent substantial and compelling reasons, impose a minimum sentence within that range." *People v McCuller*, 479 Mich 672, 684-685; 739 NW2d 563 (2007), citing MCL 769.34(2). "A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *Osantowski*, 481 Mich at 111.

MCL 777.35(1)(a) provides that OV 5 should be scored at 15 points if "[s]erious psychological injury requiring professional treatment occurred to a victim's family," while MCL 777.35(2) indicates that 15 points should be scored "if the serious psychological injury to the victim's family may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive."

Defendant argues that the victim's biological mother should not be considered part of the victim's "family" for purposes of OV 5 where he was adopted as a child. The statute does not define "a member of a victim's family," so it is up to the judiciary to determine its meaning. "Any term not defined by the statute 'should be accorded its plain and ordinary meaning, taking into account the context in which the words are used . . . .' " *People v Crews*, 299 Mich App 381, 390; 829 NW2d 898 (2013), quoting *People v Lange*, 251 Mich App 247, 253; 650 NW2d 691 (2002). "[I]t is permissible for this Court to consult dictionary definitions in order to aid in construing the term 'in accordance with [its] ordinary and generally accepted meaning[].' " *Lange*, 251 Mich App at 253, quoting *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

"Family," is defined in relevant part as "[a] group of persons connected by blood, by affinity, *or* by law, esp. within two or three generations." Black's Law Dictionary (9th ed) (emphasis added). More commonly, "family" is defined, among other ways, to include parents and their children, a person's spouse and children, or any group of people closely related by blood. *Random House Webster's College Dictionary* (2001). Although the biological mother may have given the victim up for adoption, this does not undermine their continued "connect[ion] by blood . . . ." Black's Law Dictionary

(9th ed). And, nothing in the language of the statute limits the term "family" to people with whom one has a legal relationship. This Court will not read language into a statute that is not "within the manifest intent of the Legislature as derived from the words of the statute itself." *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003) (quotation marks and citation omitted). If the Legislature intended to narrowly define "family" in the context of OV 5 to include only those people having a blood connection *and* a legally recognized relationship, it could have done so by adding the word "legal" before the word "family." Accordingly, we hold that the victim's biological mother is a "member of the victim's family" for purposes of OV 5.

Finally, the assessment of 15 points under OV 5 was supported by the record. The trial court found, based upon the content of the victim's impact statement, that defendant's acts had caused the victim's biological mother to have suffered depression and a nervous breakdown that resulted in her receiving more medication than before the crime. This is evidence of "serious psychological injury to the victim's family [that] may require," or did require, "professional treatment," and therefore constituted sufficient evidence in support of scoring 15 points for OV 5. MCL 777.35(2). Therefore, we reject defendant's argument that "there was no evidence to support the scoring of OV 5." See *Lockett*, 295 Mich App at 183.

Affirmed.

M. J. KELLY, P.J., and CAVANAGH, J., concurred with MURRAY, J.