# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DARRYL LEE SANDERS, JR.,

       Defendant-Appellant.

UNPUBLISHED
February 24, 2015

No.  318432
Wayne Circuit Court
LC No.  11-012210-FC

Before:  SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of six counts of assault with intent to do great bodily harm less than murder, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  Defendant was originally sentenced to two years' imprisonment for the felony-firearm conviction and concurrent sentences of 72 to 120 months' imprisonment for each assault with intent to do great bodily harm less than murder conviction. Defendant appealed to this Court, and this Court remanded the case to the trial court for reconsideration of the scoring of offense variable (OV) 12.  *People v Sanders*, unpublished opinion per curiam of the Court of Appeals, issued June 25, 2013 (Docket No. 310093).  On August 26, 2013, defendant was resentenced to two years' imprisonment for the felony-firearm conviction and concurrent sentences of 72 to 120 months' imprisonment for each assault with intent to do great bodily harm less than murder conviction.  Defendant now appeals from his resentencing as of right.  We affirm.

Defendant first argues that the trial court improperly denied his motion to correct an invalid sentence and that he is entitled to resentencing because the trial court improperly assessed 15 points for prior record variable (PRV) 5.  We hold that defendant waived and abandoned this issue.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).  Additionally, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (stating this standard of review in the context of determining whether the trial court properly denied the defendant's motion for resentencing).

MCR 6.429(a) provides, "A motion to correct an invalid sentence may be filed by either party. The court may correct an invalid sentence, but the court may not modify a valid sentence after it has been imposed except as provided by law." This Court has clarified that "[a]n invalid sentence refers to any error or defect in the sentence or sentencing procedure that entitles a defendant to be resentenced or to have the sentence changed." *People v Catanzarite*, 211 Mich App 573, 583; 536 NW2d 570 (1995). "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, *a misconception of law*, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997) (emphasis added). In certain cases, a modification of a sentence requires the due-process protections inherent in a resentencing proceeding. *Id*. at 98-99. Purely ministerial modifications, on the other hand, do not require a resentencing proceeding. *Id*.

A defendant is entitled to a second appeal as of right from a resentencing proceeding ordered by this Court. *People v Jones*, 394 Mich 434, 435; 231 NW2d 649 (1975). However, "[t]he scope of the second appeal is limited by the scope of the remand." *Id*. at 435-436. In addition, "[w]hen a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). If this Court remands a case because the defendant's entire sentence was invalid, then "every aspect of the sentence is before the judge de novo unless the remand indicates otherwise." *People v Williams*, 208 Mich App 60, 65; 526 NW2d 614 (1994).

Recently, in *People v Davis*, 300 Mich App 502, 508; 834 NW2d 897 (2013), abrogated in part on other grounds by *Hardy*, 494 Mich at 438 n 18 (clarifying the proper standard of review for sentencing errors), this Court reaffirmed that trial court proceedings on remand from this Court are limited to the issues raised in this Court's remand order. In *Davis*, this Court had previously remanded the case to the trial court to consider the scoring of OV 13. *Id*. at 509. However, this Court held that the remand order did not limit the proceedings on remand to the issue of OV 13 because this Court stated in the remand order that the trial court had discretion to resentence the defendant if the trial court found that OV 13 was improperly scored. *Id*. at 509-510. Therefore, the case returned to a "presentence posture," and the trial court was able to consider other issues at resentencing. *Id*. at 510.

This Court remanded the case to the trial court for reconsideration of the assessment of 25 points for OV 12. *Sanders*, unpub op at 2. However, this Court stated that "[i]f the trial court determines that it improperly scored the variable and that the error affects the appropriate guidelines range, defendant shall be resentenced." See *id*. At resentencing, the trial court assessed zero points for OV 12. The assessment of zero points for OV 12 affected the appropriate guidelines range because the minimum sentencing guidelines range was altered from 43 to 76 months' imprisonment to 38 to 76 months' imprisonment. Therefore, defendant was entitled to resentencing. *Id*. The case returned to a presentence posture, and the entire issue of defendant's sentence was before the trial court de novo. See *Davis*, 300 Mich App at 509-510; *Williams*, 208 Mich App at 65. Thus, the trial judge erred when he reasoned that he was required to deny defendant's motion to correct an invalid sentence because he had not been ordered to resentence defendant with regard to PRV 5.

Nevertheless, defendant is not entitled to modification of his sentence or resentencing for two reasons. First, defendant waived the issue when former appellate defense counsel expressed satisfaction with the sentencing guidelines at defendant's resentencing. A defendant waives an issue for appellate review if the defendant intentionally relinquishes or abandons his or her known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). The prosecution does not argue in its brief on appeal that the issue was waived. However, the prosecution argued that the issue was waived during the hearing on defendant's motion to correct an invalid sentence, and this Court has discretion to consider issues not raised in the parties' briefs on appeal. See *People v Billings*, 283 Mich App 538, 549; 770 NW2d 893 (2009) (recognizing this Court's right to discuss issues that were not raised on appeal under certain circumstances). Former appellate defense counsel's statement constituted an "intentional relinquishment or abandonment of a known right" because former appellate defense counsel expressly stated that the defense had no additions or corrections to the sentencing guidelines. See *Carter*, 462 Mich at 215.

Second, defendant abandons this argument on appeal because defendant fails to provide an argument or legal authority to support his position that three of his five prior misdemeanor convictions do not constitute crimes against a person, property, controlled substance offenses, or weapons offenses under PRV 5. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (citation omitted) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."); *People v Ackerman*, 257 Mich App 434, 450; 669 NW2d 818 (2003) ("the failure to cite any supporting legal authority constitutes abandonment of an issue"). Defendant presented a single conclusory assertion that the prior convictions were improperly construed for scoring under PRV 5. For the reasons discussed above, defendant waived and abandoned his arguments regarding the trial court's assessment of 15 points for PRV 5.

Defendant also contends that he is entitled to resentencing by a different judge because the trial judge would be unable to put the previous sentencing proceedings out of his mind during resentencing. We disagree.

A new trial judge is not required when the trial court erred with regard to an issue of law and there is no other indication that the trial judge would have trouble putting aside his or her views. *People v Hill* , 221 Mich App 391, 398; 561 NW2d 862 (1997). Even assuming that defendant was entitled to resentencing, defendant would not be entitled to a new trial judge. Defendant challenges the trial court's application of the law to the facts, rather than the trial court's findings of fact. The trial judge did not express any personal views at resentencing or at the hearing on defendant's motion to correct an invalid sentence. In addition, defendant does not show why the trial judge would have trouble putting aside his views or how reassignment would preserve the appearance of justice. Furthermore, reassignment would create a waste of judicial resources because another trial judge would have to be assigned to the case and become familiar with the facts and issues. See *Hill*, 221 Mich App at 398. Therefore, even if defendant were entitled to resentencing, defendant would not be entitled to a different trial judge. See *id*.

Defendant also argues that trial and former appellate defense counsel were ineffective for failing to object to the trial court's assessment of 15 points for PRV 5 at sentencing and

resentencing. Defendant abandoned the issue of whether former appellate defense counsel was ineffective in the resentencing by failing to include the issue in the statement of questions presented. An issue that is not raised in the statement of the questions presented is abandoned on appeal. See MCR 7.212(C)(5) (providing that a brief on appeal must contain a statement of the questions involved); *People v McMiller*, 202 Mich App 82, 83 n 1; 507 NW2d 812 (1993) (holding that an issue was abandoned when it was not raised in the statement of the questions presented).

      Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly