# STATE OF MICHIGAN

# COURT OF APPEALS

EARL D. BOOTH,

Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

UNPUBLISHED
December 1, 2016

No. 331807; 332014
Court of Claims
LC No. 13-000173-MZ

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

O'CONNELL, J. (*dissenting*).

I respectfully dissent.

In *Booth v Dep't of Corrections*, unpublished opinion per curiam of the Court of Appeals, issued June 9, 2015 (Docket No. 324319), unpub op at 1, this Court remanded this case for the lower court to consider two issues: an in camera review of the recording and for the trial court to consider Booth's entitlement to partial attorney fees. The lower court ruled in favor of defendant on both issues. I would affirm the well-reasoned decision of the lower court.

In *IBM v Dep't of Treasury*, ___ Mich App ____; ___ NW2d ___ (2016), this Court held that a lower court cannot exceed the scope of a remand order. It necessarily follows that on this second appeal, neither Booth nor the majority opinion can expand the issues to be resolved on second appeal. However, this is exactly what has occurred in this appeal. I would limit this appeal to the two issues stated above because to do otherwise allows the appellant to re-litigate issues ad infinitum, similar to a Phoenix arising from the ashes.

In *Booth*, we clearly stated that our remand was limited to discerning whether a conversation between Booth and the prisoner may also be heard on the recording. We stated, "Booth clarified at oral argument before this Court that a conversation between Booth and the prisoner may also be heard on the recording, and it is access to this specific conversation—not any private conversation between the prisoner and his mother—that Booth seeks." *Booth*, unpub at 3. We then remanded this case for an in camera review of the recording to determine if any discernable conversation was available. *Id*. The sole purpose of the remand in *Booth* was to determine if any of Booth's comments were discernable on the recording.

On remand, the lower court conducted an in camera hearing and concluded that no discernable conversation could be heard between Booth, the prisoner, and the prisoner's mother.

-1-

The majority, after attempting to listen to this conversation, agrees with the lower court. As a result of this conclusion, there exists no disclosable information under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*. It necessarily follows that no attorney fees can be awarded.

Unfortunately, the majority seeks to expand this appeal to determine if the balance of the conversation between the prisoner and his mother is subject to FOIA. That issue was decided in the first appeal and cannot be re-litigated. *People v Davis*, 300 Mich App 502, 508; 834 NW2d 897 (2013). Because plaintiff has prevailed in no part of this appeal, no production of further documents or other information in connection with plaintiff's FOIA campaign will follow. Therefore plaintiff is not entitled to any attendant fees or costs under MCL 15.240(6).

I would affirm.

/s/ Peter D. O'Connell