*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DARRYL KEITH STEWART,

      Defendant-Appellant.

UNPUBLISHED
April 2, 2019

No. 342257
Wayne Circuit Court
LC No. 14-003373-01-FC

Before: SHAPIRO, P.J., and BECKERING and M.J. KELLY, JJ.

PER CURIAM.

Due to a January 24, 2014 shooting incident in which defendant, Darryl Keith Stewart, shot Marquis Tobias several times in the thighs while robbing him of his semi-automatic handgun, a jury convicted defendant of armed robbery, MCL 750.529, assault with intent to do great bodily harm less than murder ("AWIGBH"), MCL 750.84, possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, and intentional discharge of a firearm at a dwelling, MCL 750.234b. The trial court sentenced defendant to 20 to 40 years' imprisonment for the armed robbery conviction, 6 to 10 years' imprisonment for the AWIGBH conviction, two years' imprisonment for the felony-firearm conviction, and two to four years' imprisonment for the intentional discharge of a weapon at a dwelling conviction. Defendant appealed, and this Court affirmed his convictions but vacated his sentences and remanded for resentencing. *People v Stewart*, unpublished per curiam opinion of the Court of Appeals, issued February 18, 2016 (Docket No. 323684) (*Stewart I*). On remand, defendant's sentences remained unchanged. Defendant now appeals as of right. We affirm.

In defendant's first appeal, defendant challenged, among other issues, the scoring of offense variables ("OV") 3 (physical injury to victim), 4 (psychological injury to victim), 9 (number of victims), and 19 (interference with administration of justice). *Id.* at 1-6. This Court determined that the trial court incorrectly assessed 25 points for OV 3 because there was no evidence that Marquis Tobias's injuries were life threatening. *Id.* at 2. This Court also determined that the trial court incorrectly assessed 10 points for OV 9. Although there was a man sleeping on the floor near the shooting, "[h]e was not targeted by defendant, did not attempt to intervene in any way, and there is no evidence that he was in the line of fire such that he was

in danger of physical injury or death." *Id*. at 3. Therefore, the man was not a victim. *Id*. at 3. Additionally, this Court determined that defendant waived review of OV 4 and that there was sufficient evidence to support the trial court's assessment of 15 points for OV 19. *Id*. at 3. Because the scoring errors of OVs 3 and 9 reduced defendant's minimum sentencing guidelines range from 171 to 285 months to 135 to 225 months, this Court remanded for resentencing. *Id*. at 4. Defendant was resentenced on December 8, 2017. On appeal, he argues that the trial court erred in several respects, which he contends affected his sentencing guidelines range.

## I. WAIVER

Defendant first argues that the prosecution waived any challenge to the assessments of prior record variables ("PRV") 1, 2, and 4 at resentencing by agreeing to the assessments at the initial sentencing. We disagree.

Waiver is the intentional relinquishment or abandonment of a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) *(*quotation marks and citations omitted). Waiver extinguishes any error, thus leaving nothing to review. *Id*. at 215-216. Whether a party's waiver extends from the original sentencing to the resentencing on remand following defendant's first appeal is a question of law that this Court reviews de novo. See *People v Hershey (On Remand)*, 303 Mich App 330, 350; 844 NW2d 127 (2013) (stating that "waiver analysis should consider the entire context of a [party's] conduct concerning a purportedly waived issue to determine whether the [party], in fact, intentionally relinquished a known right.").

When a defendant's sentence is vacated and remanded for resentencing, the case before the trial court is in a presentence posture. *People v Rosenberg*, 477 Mich 1076, 1076; 729 NW2d 222 (2007). "When a case is remanded from our Court because the entire sentence is invalid, every aspect of the sentence is before the judge de novo unless the remand indicates otherwise." *People v Williams (After Second Remand)*, 208 Mich App 60, 65; 526 NW2d 614 (1994). Because a case that was remanded for resentencing assumes a presentence posture, the trial court must rescore a defendant's PRVs and OVs. See *People v Bemer (On Remand)*, 286 Mich App 26, 31-32; 777 NW2d 464 (2009).

Defendant argues that the prosecution's agreement to the scoring of the PRVs at his initial sentencing waived any subsequent challenges to the scoring of the PRVs. At sentencing, the parties expressly agreed to the PRV assessments as follows: PRV 1 at zero points, PRV 2 at zero points, PRV 3 at zero points, PRV 4 at two points, PRV 5 at zero points, PRV 6 at 10 points, and PRV 7 at 20 points. Had the prosecution challenged the PRV scores at the time of defendant's initial appeal, this Court would have deemed the matter waived, just as it did when defendant took issue with the scoring of OV 4. However, just as with defendant's waiver as to OV 4, the prosecution's waiver does not extend beyond defendant's first appeal.

At resentencing, the prosecution sought to have the trial court accurately score the PRVs. Resentencing assumes a presentence posture, and because this Court gave the trial court full

authority to resentence defendant,[1] "the trial court was able to consider and decide other issues at resentencing" that were not otherwise determined by this Court. *People v Davis*, 300 Mich App 502, 509-510; 834 NW2d 897 (2013), abrogated in part on other grounds by *People v Hardy*, 494 Mich 430, 428; 835 NW2d 340 (2013). Therefore, the trial court had the authority to rescore any PRVs and OVs upon which this Court did not rule. Likewise, the parties were able to challenge the trial court's assessments. See *Williams*, 208 Mich App at 65 (stating that at resentencing, the "[d]efendant was given the opportunity to refute the information which was to form the basis of his sentences."). Because this Court vacated defendant's sentences in his first appeal, resentencing assumed a presentence posture, and the parties were free to argue PRVs 1, 2, and 4, consideration of which this Court did not prohibit. See *Davis*, 300 Mich App at 509-510.

## II. CONVICTIONS UNDER THE HOLMES YOUTHFUL TRAINEE ACT

Defendant next contends that the trial court erred by assessing points under PRVs 1 and 2 because the convictions that the trial court based its assessment on were dismissed under the Holmes Youthful Trainee Act ("HYTA"), MCL 762.11 *et seq*. We disagree.

"To preserve a sentencing issue for appeal, a defendant must raise the issue 'at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.' " *People v Clark (On Remand)*, 315 Mich App 219, 223; 888 NW2d 309 (2016), quoting MCR 6.429(C). Defendant failed to argue that the trial court should not assess points under PRVs 1 and 2 because of his status as a youthful trainee under the HYTA at sentencing. Defendant first raised this issue in his brief on appeal. Thus, this issue is unpreserved. This Court reviews unpreserved issues for plain error affecting substantial rights. *People v Perry*, 317 Mich App 589, 600; 895 NW2d 216 (2016). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. Reversal is only warranted if the plain error leads to "the conviction of an actually innocent defendant," or where an error affects the "fairness, integrity, or public reputation" of the judicial proceedings. *Id*. at 763-764.

Defendant was assigned to youthful trainee status under the HYTA for his convictions of first-degree home invasion, larceny in a building, and receiving and concealing a stolen motor vehicle. "Twenty-five points should be assessed for PRV 1 if the offender has one prior high-severity felony conviction." *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). "First-degree home invasion, MCL 750.110a(2), is a class B felony for purposes of the guidelines." *Id*. at 124-125. "A class B felony is considered a high-severity felony for the purpose of scoring PRV 1." *Id*. at 125. Ten points should be assessed for PRV 2 if the offender

---

[1] This Court vacated defendant's sentences and remanded for resentencing, but did not limit the trial court to consideration of OVs 3 and 9 only. *Stewart I*, unpub op at 6.

has two prior low severity felony convictions. MCL 777.52(1)(c). Larceny in a building, MCL 750.360, is a class G felony. MCL 777.16r. Receiving and concealing a stolen motor vehicle, MCL 750.535(7), is a class E felony. MCL 777.16z. "[A] 'low severity felony conviction' is defined in part as a conviction for a 'crime listed in class E, F, G, or H[.]' " *People v Allen*, 499 Mich 307, 320 n 37; 884 NW2d 548 (2016), quoting MCL 777.52 (alteration in original).

Defendant argues that his assignment to youthful trainee status under the HYTA prevented the trial court from considering the underlying convictions when assessing PRVs 1 and 2.

> HYTA is essentially a juvenile diversion program for criminal defendants under the age of 21. Under the act,
>
>> if an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee. MCL 762.11(1).
>
> An assignment to youthful trainee status does not constitute a conviction of a crime unless the court revokes the defendant's status as a youthful trainee. [*People v Dipiazza*, 286 Mich App 137, 141; 778 NW2d 264 (2009).]

However, "MCL 777.50(4)(a)(*i*) provides that when scoring PRVs 1 through 5, [c]onviction includes . . . [a]ssignment to youthful trainee status under [MCL 762.11 through 762.15]." *Williams*, 298 Mich App at 125 (quotation marks omitted; alterations in original).

While the HYTA states that an assignment to youthful trainee status is not a conviction unless the status is revoked, the Michigan legislature amended MCL 777.50(4)(a)(*i*) to include an assignment to youthful trainee status as a conviction for purposes of scoring PRVs 1 through 5. *Williams*, 298 Mich App at 125-126. "The Legislature is presumed to be aware of and legislate in harmony with existing laws when enacting new laws." *People v Rahilly*, 247 Mich App 108, 112; 635 NW2d 227 (2001). Accordingly, defendant's first-degree home invasion conviction was a qualifying conviction for purposes of scoring PRV 1. Likewise, defendant's receiving and concealing a stolen motor vehicle and larceny in a building convictions were qualifying convictions for purposes of scoring PRV 2. Therefore, the trial court properly assessed 25 points for PRV 1 and 10 points for PRV 2.

## III. ASSESSMENTS FOR OVS 4 AND 19

Finally, defendant argues that the trial court erred when scoring OV 4 and OV 19. We will address each in turn.

## A. OV 4

Defendant contends that the trial court erred when it assessed 10 points for OV 4 because there was insufficient evidence that any victim suffered a serious psychological injury requiring professional treatment. We agree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statue, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

"OV 4 is correctly scored at 10 points when a 'serious psychological injury requiring professional treatment occurred to a victim.'" *People v White*, 501 Mich 160, 163; 905 NW2d 228 (2017), quoting MCL 777.34(1)(a). "The fact that treatment has not been sought is not conclusive." MCL 777.34(2). And "a victim's fear during a crime, *by itself and without any other showing of psychological harm*," is insufficient to assess 10 points for OV 4 because "this fear does not necessarily result in a 'serious psychological injury.'" *White*, 501 Mich at 164-165, overruling *People v Apgar*, 264 Mich App 321; 690 NW2d 312 (2004). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

At the time of defendant's resentencing, this Court deemed evidence of a victim's fear while a crime was being committed sufficient to support 10 points for OV 4. *Apgar*, 264 Mich App at 329. However, less than three weeks after resentencing, and before defendant filed his claim of appeal by right, *White* overruled *Apgar* and required a showing of some sort of psychological harm in addition to fear during the offense. *White*, 501 Mich at 164-165, 165 n 3. While Tobias testified that he was scared during the shooting, there is no evidence in the record to establish that he suffered serious psychological harm requiring professional treatment as a result of the incident. The victim impact statement in the presentence investigation report ("PSIR") where Tobias reported he was in need of counseling after this incident does not, by itself and without any evidence of psychological harm, warrant a 10-point assessment under OV 4. MCL 777.34. Such a statement is too general to support a finding by preponderance of the evidence that he suffered serious psychological harm. The prosecution argues that Tobias stated that he was scared when he received threatening phone calls prior to trial, which urged him to change his testimony. However, an assessment for OV 4 is limited solely to conduct during the sentencing offense. *People v Biddles*, 316 Mich App 148, 167; 896 NW2d 461 (2016). Therefore, the trial court erred by assessing 10 points for OV 4 in light of *White* and the record evidence.

However, remand for resentencing is not warranted because the trial court's scoring error does not alter defendant's minimum sentencing guidelines range. Defendant's sentencing offense, armed robbery, was a class A crime. Defendant's total PRV score was 70 points, for a PRV level E. With OV 4 assessed at 10 points, defendant's total OV score was 90 points, for an OV level V. Using the sentencing grid for class A offenses, defendant's total scores placed him in the E–V cell for a minimum sentencing guidelines range of 171 to 285 months. With OV 4 assessed at zero points, defendant's total OV score is 80 points. Using the sentencing grid for

class A offenses, defendant still has an OV level of V. Therefore, defendant's total scores still place him in the E–V cell for a minimum sentencing guidelines range of 171 to 285 months. Because the trial court's scoring error does not alter defendant's minimum sentencing guidelines range, remand for resentencing is not required. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

## B. OV 19

Defendant contends that the trial court erred by assessing 15 points for OV 19 because the audio recording that purported to show defendant had obstructed justice and intimidated witnesses was muffled and inaudible. We disagree.

The prosecution argues that the law-of-the-case doctrine bars reconsideration of OV 19 because this Court addressed OV 19 in defendant's prior appeal. The law-of-the-case doctrine provides that "an appellate court's determination of law will not be differently decided on a subsequent appeal in the same case if the facts remain materially the same." *People v Kozyra*, 219 Mich App 422, 433; 556 NW2d 512 (1996). In defendant's previous appeal, this Court reviewed the record and concluded as follows:

> Here, [a witness] was reluctant to testify because defendant had earlier related a cautionary tale to him about a criminal defendant who had directed people outside of jail to "beat up" a codefendant. At trial, the prosecution presented a recorded jailhouse telephone call between defendant and another party that involved a discussion of ways to prevent witnesses from giving unfavorable testimony. Defense counsel argued that the other party was the instigator and there was no indication that defendant approved of any plan to intimidate the witnesses at his trial. However, Tobias testified that he received several threatening telephone calls from an unidentified caller warning him against giving incriminating testimony. This evidence was sufficient to support the 15–point score. [Stewart, unpub op at 3.]

Because defendant has not advanced any changes to the facts, this Court could adhere to the law-of-the-case doctrine regarding the scoring of OV 19. However, "[p]articularly in criminal cases, the law of the case doctrine is not inflexible and need not be applied if it will create an injustice." *People v Phillips*, 227 Mich App 28, 33; 575 NW2d 784 (1997). Therefore, this Court will address the merits of defendant's argument.

An assessment of 15 points for OV 19 is appropriate when "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49. A trial court may consider a defendant's conduct after the sentencing offense for purposes of OV 19. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *Hershey*, 303 Mich App at 343. Threatening or intimidating a victim or witness constitutes an interference with the administration of justice. *Id*. at 344. "A trial court determines the sentencing variables

by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008).

There was a preponderance of evidence that defendant interfered with the administration of justice by having someone threaten or intimidate Tobias. The prosecution introduced evidence of a recorded jailhouse telephone call from defendant's prisoner identification number, where the person defendant called asked defendant for the names of the witnesses so that he could "take care of that." Tobias then received a telephone call that threatened him and Lester Mosley, who witnessed events just prior to the shooting, to change their statements, which the trial court reasonably inferred was a threat of force. Accordingly, the trial court did not err by assessing 15 points under OV 19.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Jane M. Beckering
/s/ Michael J. Kelly