*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 12, 2020

v

FLOYD RAY PENNINGTON,

Defendant-Appellant.

No. 350540
Wayne Circuit Court
LC No. 14-002915-01-FC

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by right his amended judgment of sentence entered after this Court remanded for resentencing. The trial court resentenced defendant, as a second-offense habitual offender, to concurrent prison terms of 35 to 60 years for his second-degree murder conviction, MCL 750.317, and one to five years for his possession of a firearm while a felon (felon-in-possession) conviction, MCL 750.224f, to be served subsequent to a term of five years for his possession of a firearm during the commission of felony (felony-firearm), second offense, conviction, MCL 750.227b. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was convicted, after a bench trial, of second-degree murder, felon-in-possession, and felony-firearm, second-offense. The trial court originally sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 46 to 56 years for his second-degree murder conviction and one to five years for his felon-in-possession conviction, to be served subsequent to a term of five years for his felony-firearm conviction. Defendant appealed by right his convictions and sentences. See *People v Pennington*, 323 Mich App 452, 456; 917 NW2d 720 (2018).

Relevant to this appeal, defendant requested in *Pennington* "that his sentence be vacated and that his case be remanded to a different judge," *Pennington*, 323 Mich App at 465, because "the trial court sentenced him pursuant to a blanket policy of imposing sentences at the top of the guidelines range on defendants who exercise their right to a trial rather than plead guilty." *Id*. at 466. This Court agreed that defendant was entitled to resentencing, stating:

-1-

Here, the judge's sentencing policy was to impose the maximum recommended guidelines sentence when a defendant was convicted after going to trial. This does not demonstrate a process by which a court determines what an individualized sentence should be and then reduces it as an inducement or reward for a plea. Rather, it is the automatic imposition of the maximum guidelines sentence—a policy that ignores the requirement of individualized sentencing and promises not a degree of mercy as reward for a plea, but instead a harsh sentence as punishment for seeking a trial. Thus, while an admission of guilt may be considered indicative of remorse and may be grounds to reduce the punishment that would otherwise be imposed, there is no doubt that sentencing defendants to the top of the guidelines because they went to trial, or increasing their sentence in any way for doing so, is a violation of both due process and our law governing sentencing. [*Id*. at 468-469 (citations, quotation marks, and brackets omitted).]

As a result, this Court "affirm[ed] defendant's convictions, vacate[d] defendant's sentences, and remand[ed] for resentencing before a different judge." *Id*. at 469. On remand (before a different judge), the trial court resentenced defendant as described. This appeal followed.

## II. STANDARD OF REVIEW

"Whether a trial court followed an appellate court's ruling on remand is a question of law that this Court reviews de novo." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (citation omitted). Whether the law-of-the-case doctrine applies is also a question of law that we review de novo. See *Pioneer State Mut Ins Co v Michalek*, 330 Mich App 138, 143; 946 NW2d 812 (2019).

## III. ANALYSIS

Defendant argues that the trial court failed to comply with this Court's remand order because, although it resentenced defendant for his second-degree murder and felony-firearm convictions, it did not specifically address his felon-in-possession conviction. "When a case is remanded by an appellate court, proceedings on remand are limited to the scope of the remand order." *People v Canter*, 197 Mich App 550, 567; 496 NW2d 336 (1992). Specifically, when a sentence has been vacated and the matter is remanded for resentencing, the case is before the trial court in a "presentence posture, allowing for objection to any part of the new sentence." *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007); *People v Davis*, 300 Mich App 502, 509; 834 NW2d 897 (2013), vacated on other grounds by *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "As a result, at resentencing, every aspect of the sentence is before the judge de novo." *Davis*, 300 Mich App at 509 (citation omitted). The trial court may "take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 447; 537 NW2d 577 (1995).

Defendant also argues that the trial court violated the law-of-the-case doctrine. With regard to that doctrine, "an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Herrera (On Remand)* 204 Mich App 333, 340; 514 NW2d 543 (1994).

-2-

On defendant's first appeal, this Court noted that defendant "receive[d] the highest sentence that could be imposed within the range recommended by the guidelines[,]" and determined that the trial court's sentencing of defendant "[was] a violation of both due process and our law governing sentencing[,]" resulting in this Court "vacat[ing] defendant's sentences, and remand[ing] for resentencing before a different judge." *Pennington*, 323 Mich App at 466, 469. At a resentencing hearing, the trial court imposed a lower sentence for defendant's second-degree murder conviction, one that was below the top of his guidelines range, and stated that defendant would serve this sentence consecutively to his five-year felony-firearm sentence, as was statutorily mandated. In other words, the trial court expressly addressed defendant's sentences for his second-degree murder and felony-firearm convictions at the resentencing hearing. However, the trial court did not orally reference defendant's felon-in-possession sentence at that hearing. Rather, as noted earlier, the trial court simply entered a written amended judgment of sentence that imposed the same sentence on remand for that offense as the original trial court had imposed.

Defendant argues that the trial court failed to follow this Court's direction to resentence defendant, because it failed to resentence him on his felon-in-possession conviction. We disagree. Although the trial court did not orally mention defendant's felon-in-possession sentence at the resentencing hearing, the trial court did issue a written amended judgment of sentence that expressly included a sentence of one to five years in prison for his felon-in-possession conviction. Because "[a] court speaks through its written orders and judgments, not through its oral pronouncements," *People v Mysliwiec*, 315 Mich App 414, 418 n 2; 890 NW2d 691 (2016) (citation omitted), the amended judgment of sentence shows that the trial court did resentence defendant for each of his convictions, contrary to defendant's contention.

Moreover, the trial court neither ignored nor violated this Court's remand order by imposing the same sentence for defendant's felon-in-possession conviction as was originally imposed. See *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012) ("When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order.") (citation omitted). It was unnecessary for the trial court to specifically address defendant's felon-in-possession sentence at the resentencing hearing because the original sentence for that conviction was not subject to the concerns that this Court expressed when it ordered defendant's case remanded. Unlike defendant's original sentence for second-degree murder, defendant's felon-in-possession sentence was not at the top of his guidelines range for that offense, given his status as a habitual offender. Nor did this Court specify the imposition of a particular sentence on remand. Simply put, there is nothing in our remand order that required the trial court to impose a different sentence for the felon-in-possession conviction or for it to make any statements on the record concerning that sentence, particularly where neither of the parties elected to speak on the matter.

We also find without merit defendant's argument that the trial court somehow violated the law-of-the-case doctrine, see *Herrera*, 204 Mich App at 340. In defendant's first appeal, this Court found that the trial court's policy of "sentencing defendants to the top of the guidelines because they went to trial, or increasing their sentence in any way for doing so, [was] a violation of both due process and our law governing sentencing" and necessitated the vacating of defendant's sentences and a remand for resentencing. *Pennington*, 323 Mich App at 469. At resentencing, and as required on remand, a different judge imposed a sentence below the top of guidelines minimum sentencing range for defendant's second-degree murder conviction, stated that defendant

would serve his second-degree murder sentence consecutively to his five-year felony-firearm sentence, and again imposed a sentence of one to five years in prison for his felon-in-possession conviction. This Court's remand only required that defendant's sentences comply with individualized sentencing requirements and did not restrict or preclude the imposition of a particular sentence for any of defendant's convictions. Defendant fails to explain how the law-of-the-case doctrine was violated.

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello