# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 28, 2015

Plaintiff-Appellee,

v

No. 320007
Wayne Circuit Court
LC No. 13-000452-FC

ANDRE DARNELL CLARK,

Defendant-Appellant.

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

A jury convicted defendant of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(f), and assault with intent to do great bodily harm less than murder, MCL 750.84. The trial court sentenced defendant to concurrent prison terms of 10 to 25 years for the first-degree CSC conviction and 6 to 10 years for the assault conviction. Defendant appeals as of right. We affirm defendant's convictions, but we vacate his sentences and remand for resentencing and further proceedings in accordance with this opinion.

Defendant was convicted of sexually and physically assaulting his former girlfriend, DW, outside DW's Detroit home in June 2012. At the time of the offenses, the couple had not seen each other since their breakup in 2009. Defendant contacted DW a couple of days before the incident, requesting to visit. She initially declined, but they continued to text each other and she ultimately allowed him to visit her on June 19. The prosecutor presented evidence that, at approximately 11:30 p.m., DW joined defendant in his car, which was parked outside DW's home, to "catch up on old times." As they talked, DW consented to kissing defendant because she "figured he just wanted to kiss." According to DW, defendant then forced himself upon her, ultimately penetrating her vagina with his penis. When DW would not stop protesting, defendant grabbed her by the neck, forced her into the backseat, and began to drive away. DW, wearing only a t-shirt and one shoe, opened the car door and "rolled out" of the moving car. As she fled, defendant drove closely behind her, driving on the grass with the lights on her. DW was able to evade defendant by turning and running to the back of a neighbor's house. The defense theory at trial was that DW's testimony was not believable, that there was no evidence that defendant was with her that night, and that DW falsely identified defendant.

## I. JURY INSTRUCTION

-1-

Defendant first argues that the trial court erroneously instructed the jury in a supplemental instruction that first-degree CSC is established by proof of "force or coercion" *or* "personal injury," even though the charge requires proof of both elements. We review claims of instructional error de novo. *People v McMullan*, 284 Mich App 149, 152; 771 NW2d 810 (2009).

## A. BACKGROUND

Defendant was convicted of violating MCL 750.520b(1)(f), which provides that first-degree CSC is committed when "[t]he actor causes personal injury to the victim *and* force or coercion is used to accomplish sexual penetration." In its final instructions, the trial court correctly instructed the jury regarding the elements of first-degree CSC and the lesser-included offense of third-degree CSC, MCL 750.520d(1)(b). Regarding the first-degree CSC charge for which defendant was convicted, the trial court instructed the jury as follows:

> The defendant is charged with the crime of First Degree Criminal Sexual Conduct. To prove this charge the prosecutor must prove *each* of the following elements beyond a reasonable doubt: First, that the defendant engaged in an act that involved entry into [DW's] genital opening by the defendant's penis. . . . *Second, that the defendant caused personal injury to [DW]. . . . Third, the prosecutor must prove that the defendant proved [sic] force or coercion to commit the sexual act.* [Emphasis added.]

With respect to the third-degree CSC charge, the trial court stated:

> You may also consider the lesser offense of Third Degree Criminal Sexual Conduct. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the defendant engaged in a sexual act that involved entry into [DW's] genital opening by defendant's penis. . . . Second, that the defendant used force or coercion to commit the act.

The trial court also provided the jury with a written copy of the instructions.

During deliberations, the jury sent a note asking, "Can we have clarification on First Degree versus Third Degree CSC and all stipulations on both?" Outside the presence of the jury, the trial court conferred with counsel, stating:

> Alright, how I'm proposing to answer that question I'm looking at a chart form the Sexual Assault Bench Book, and what I propose to read for them the elements of the offense that are listed under CSC One. I'm going to tell them that you know I've given them the elements. In the instructions they have, they have those, but basically for CSC One there has to be sexual penetration and force or coercion *and* personal injury.
>
> For CSC Third Degree there has to be sexual penetration and force and coercion. [Emphasis added.]

When the jury was brought out, however, the trial court gave the following instruction:

-2-

I have read to you and you also have with you a packet of the instructions that I, that I read. Basically, the difference between Criminal Sexual Conduct First Degree and Criminal Sexual Conduct Third Degree is the following: Criminal Sexual Conduct First Degree involves sexual penetration and force or coercion *or* personal injury. Excuse me, just a—Alright.

Third Degree Criminal Sexual Conduct requires sexual penetration and force or coercion. *The personal injury element is in CSC First, but not in CSC Third.* [Emphasis added.]

Thereafter, the juror spokesperson asked an additional question, apparently clarifying the scope of jury's inquiry:

*Juror #3*: With keeping my question very vague, *our question is more towards where consent lies between First and Third Degree*?

*The court:* There is no consent. The element is force or coercion as to both.

*Juror #3*: Thank you.

*The court:* It's force. The elements that have to be present are force and coercion as to both First Degree and Third Degree. That element is necessary for both of them.

*Juror #3*: Okay. Thank you. [Emphasis added.]

B. ANALYSIS

Defendant correctly observes that both (1) force or coercion, and (2) personal injury are essential elements of first-degree CSC under MCL 750.520b(1)(f). Therefore, the trial court erroneously stated in its supplemental instruction that first-degree CSC "involves sexual penetration and force or coercion *or* personal injury." Contrary to what defendant argues, however, the trial court's misstatement does not require reversal.

Jury instructions are reviewed in their entirety to determine whether any error requiring reversal occurred. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). A defendant is entitled to have the jury decide his guilt or innocence after considering every essential element of the charged offense. *Id.* An imperfect instruction will not, however, warrant reversal if the instructions, examined as a whole, fairly present the issues to be tried and sufficiently protect the defendant's rights. *Id.* at 501-502. In its final instructions, the trial court properly instructed the jury on the three elements of first-degree CSC and the two elements of third-degree CSC, with personal injury being the distinguishing element between the two offenses. The court also provided the jury with a written copy of the instructions. While, in response to the jury's general question about the difference between first- and third-degree CSC, the trial court incorrectly used the term "or" instead of "and" when listing the second and third elements of first-degree CSC, it

-3-

then accurately and succinctly clarified that the difference between the two offenses was that "[t]he personal injury element is in CSC First, but not in CSC Third." Moreover, and significantly, the jury's follow-up question indicates that the jury was not confused about the element(s) that distinguished first- and third-degree CSC, but "where consent lies between First and Third Degree." Thus, the trial court's initial misstatement, which was resolved by the court's later statement, did not even pertain to the jury's actual communicated concern. Viewed in their entirety, the trial court's instructions did not lessen the prosecution's burden of proof, fairly presented the difference between first-degree and third-degree CSC, and sufficiently protected defendant's rights.

Furthermore, an error in instructing the jury is presumed to be harmless, and defendant bears the burden of proving otherwise. *People v Lukity*, 460 Mich 484, 493-495; 596 NW2d 607 (1999). Reversal is warranted only if, "'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *Id.* at 495-496, quoting MCL 769.26. As previously explained, because the trial court properly instructed the jury on the three elements of first-degree CSC and the two elements of third-degree CSC in its initial instructions, the jury received a written copy of those instructions, the court accurately stated in its supplemental instruction that personal injury is the element that distinguishes first-degree and third-degree CSC, and the misstatement in the supplemental instruction did not pertain to the reason for the jury's expressed concern and request for clarification between first-degree and third-degree CSC, it is not more probable than not that the error was outcome determinative. Therefore, the error was harmless.

## II. SCORING OF THE SENTENCING GUIDELINES

Defendant next argues that the trial court erroneously scored prior record variable (PRV) 5, PRV 7, and offense variable (OV) 3 of the sentencing guidelines. To the extent that defense counsel waived challenges to the scoring of PRV 5 and PRV 7, defendant contends that counsel was ineffective. We agree that defendant is entitled to resentencing because the trial court erred in scoring OV 3 and because defense counsel was ineffective for failing to object to the trial court's erroneous scoring of PRV 5.

## A. PRESERVATION AND STANDARD OF REVIEW

"A challenge to a sentence that is within the guidelines sentence range is preserved when it is raised at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals." *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013). Defendant preserved his challenge to OV 3 by objecting to the scoring of that variable at sentencing. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

With regard to the scoring of PRV 5 and PRV 7, however, defense counsel expressly advised the trial court at sentencing that "the Prior Record Variable is scored correctly at 25 points for a Level D." By specifically agreeing to the scoring of the prior record variables,

which included the scores for PRV 5 and PRV 7, defense counsel waived any error. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000); *People v Hershey*, 303 Mich App 330, 351-353; 844 NW2d 127 (2013). A waiver extinguishes any error, leaving no error to review. *Carter*, 462 Mich at 216. However, we may review defendant's challenges to the scoring of PRV 5 and PRV 7 in the context of his ineffective assistance of counsel claim. See *People v Francisco*, 474 Mich 82, 90 n 8; 711 NW2d 44 (2006); *People v McChester*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 318145, issued May 5, 2015), slip op, p 2 n 1. Because defendant failed to raise an ineffective assistance of counsel claim in the trial court in connection with a motion for a new trial or request for an evidentiary hearing, our review of this claim is limited to mistakes apparent on the record. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973); *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Effective assistance of counsel is presumed and defendant bears a heavy burden of proving otherwise. *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994); *People v Effinger*, 212 Mich App 67, 69; 536 NW2d 809 (1995). To establish ineffective assistance of counsel, defendant first must show that counsel's performance was below an objective standard of reasonableness. Second, defendant must show that, but for counsel's deficient performance, it is reasonably probable that the result of the proceeding would have been different. *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011).

## B. PRV 5

Defendant argues that defense counsel was ineffective for failing to object to the trial court's assessment of 10 points for PRV 5. "Prior record variable 5 is prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1). Ten points must be scored under PRV 5 when "[t]he offender has 3 or 4 prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1)(c). Five points must be scored when "[t]he offender has 2 prior misdemeanor convictions or prior misdemeanor juvenile adjudications." MCL 777.55(1)(d). A "[p]rior misdemeanor conviction" is "a conviction for a misdemeanor . . . entered *before* the sentencing offense was committed." MCL 777.55(3)(a) (emphasis added). Likewise, a "[p]rior misdemeanor juvenile adjudication" is also one that must be "entered before the sentencing offense was committed." MCL 777.55(3)(b).

We agree that PRV 5 should have been scored at only five points because defendant had only two qualifying prior misdemeanor convictions or juvenile adjudications. According to the Presentence Investigation Report, defendant's prior misdemeanor juvenile adjudication, for domestic violence, was entered on April 15, 2008. His prior misdemeanor conviction, for retail fraud, was entered on December 7, 2011. However, defendant's additional misdemeanor conviction, for domestic violence, was entered on July 16, 2013, which was *after* he committed the June 20, 2012 sentencing offenses. Because defendant had only two prior misdemeanor convictions or juvenile adjudications, defense counsel's failure to object to the 10-point score for PRV 5 was objectively unreasonable.

A scoring adjustment to PRV 5 results in a reduction of five points, decreasing defendant's total PRV score from 25 to 20 points. This scoring adjustment results in defendant's overall PRV level to reduce from level D (25 to 49 points) to level C (10 to 24 points), which lowers defendant's sentencing guidelines range from 81 to 135 months down to 51 to 85 months. MCL 777.62. Because the scoring error affects the appropriate guidelines range, defendant was

prejudiced by defense counsel's failure to object to the scoring of PRV 5. *Armstrong*, 490 Mich at 289-290. Accordingly, defendant is entitled to resentencing. *Francisco*, 474 Mich at 88-92.

## C. PRV 7

Defendant also argues that defense counsel was ineffective for failing to object to the trial court's assessment of 20 points for PRV 7. However, defendant is mistaken. According to the sentencing information report ("SIR"), the trial court scored only 10 points for PRV 7. Ten points must be scored when "the offender has 1 subsequent or concurrent conviction." MCL 777.57(1)(b). In scoring PRV 7, the appropriate points must be assessed if the offender was convicted of multiple felony counts or was convicted of a felony after the sentencing offense was committed. MCL 777.57(2)(a); *People v Williams*, 294 Mich App 461, 479; 811 NW2d 88 (2011). Because defendant was convicted of both first-degree CSC and assault with intent to do great bodily harm less than murder, the 10-point score for PRV 7 is correct, and any objection by defense counsel would have been futile. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Consequently, defense counsel was not ineffective for failing to object to the scoring of PRV 7.

## D. OV 3

The trial court scored the sentencing guidelines for defendant's first-degree CSC conviction but relied on injuries that DW sustained when she jumped out of the moving car as factual support for its assessment of 10 points for OV 3. Relying on *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), defendant argues that because the crime of first-degree CSC was complete before DW jumped from the car, it was improper for the trial court to consider the injuries she sustained in jumping from the car to score OV 3.

OV 3 considers "physical injury to a victim" and assesses points depending on the degree of injury suffered by "a victim." Ten points should be scored for OV 3 if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). However, "[o]ffense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *McGraw*, 484 Mich at 133. Because OV 3 does not provide for consideration of conduct after completion of the sentencing offense, MCL 777.33, the scoring of OV 3 must be confined to the circumstances of the sentencing offense, namely, defendant's CSC conviction. This Court has held that first-degree CSC is completed after "sexual penetration has occurred by any one of the enumerated circumstances." *People v Dowdy*, 148 Mich App 517, 521; 384 NW2d 820 (1986).

It is undisputed that the trial court, in scoring 10 points for OV 3, relied solely on the fact that DW sustained bodily injuries when she jumped out of the moving car, which occurred *after* defendant sexually assaulted her. While the court did not clearly err in finding that DW suffered bodily injuries as a result of jumping out of the vehicle, it erred as a matter of law when it used those injuries, which occurred after the commission of the sentencing crime, to support a scoring under OV 3. See *McGraw*, 484 Mich at 133. This scoring error also affects the appropriate

guidelines range and, thus, requires resentencing. *Francisco*, 474 Mich at 88-92. However, we note that on remand, the trial court is free to re-evaluate the scoring of this offense variable,[1] and if it determines that a preponderance of the evidence establishes that DW did suffer injuries during the sexual assault that required medical treatment, then it is not foreclosed by our opinion from scoring OV 3 at 10 points.

### III. COURT COSTS

Lastly, relying on *People v Cunningham*, 496 Mich 145, 158; 852 NW2d 118 (2014), defendant argues that the trial court lacked the authority to impose $600 in court costs because costs are not authorized by the statutes defining the offenses of which he stands convicted. Because defendant did not challenge the trial court's imposition of court costs before the trial court, this issue is not preserved, and our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

At the time defendant was sentenced, MCL 769.1k(1)(b)(*ii*) authorized the trial court to impose costs. However, in *Cunningham*, 496 Mich at 158, the Supreme Court held "that MCL 769.1k(1)(b)(*ii*) does not provide courts with the independent authority to impose 'any cost.' Instead, . . . MCL 769.1k(1)(b)(*ii*) provides courts with the authority to impose only those costs that the Legislature has separately authorized by statute." Defendant was convicted of violating MCL 750.84 and MCL 750.520b, neither of which independently authorize an award of costs upon conviction. But after our Supreme Court decided *Cunningham*, the Legislature amended MCL 769.1k. See 2014 PA 352. As amended, MCL 769.1k(1)(b)(*iii*) allows courts to impose "any cost reasonably related to the actual costs incurred by the trial court." The amended statute became effective on October 17, 2014, but applies to all fines, costs, and assessments imposed under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act. *People v Konopka*, ___ Mich App ___; ___ NW2d ___ (2015) (Docket No. 319913, issued March 3, 2015), slip op, p 6. The amended statute "authorizes the imposition of costs independently of the statute for the sentencing offense." *Id.*, slip op at 7. Because this case was on appeal when the amended version of MCL 769.1k was adopted, and defendant was sentenced on November 19, 2013, the amended version of MCL 769.1k applies to the present case. *Id.*, slip op at 6. Thus, the trial court's cost award is authorized by the amended version of MCL 769.1k(1)(b)(*iii*). Contrary to what defendant argues, retroactive application of the amended version of MCL 769.1k(1)(b)(*iii*) does not constitute an ex post facto violation. *Id.*, slip op at 13-16. However, notwithstanding the trial court's authority to impose court costs, remand is necessary to determine "the factual basis for the costs imposed pursuant to MCL 769.1k(1)(b)(*iii*)." *Id.*, slip op at 16.

---

[1] At resentencing, the case is before the trial court is a presentence posture, which means that the trial court is required to re-score the sentencing variables for the sentencing offense. *People v Rosenberg*, 477 Mich 1076; 729 NW2d 222 (2007); *People v Bemer*, 286 Mich App 26, 3132; 777 NW2d 464 (2009); *People v Williams (After Second Remand)*, 208 Mich App 60, 65; 526 NW2d 614 (1994).

Affirmed in part and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello